**John F. Rushkiewicz, Appellee, v. Maxmilian J. St. George, Appellant.**

**Gen. No. 27,189.**

1. BROKERS—*acceptance of purchaser by owner as determinative of purchaser's financial ability.* Acceptance by the owner of the purchaser procured by the broker is determinative of the purchaser's financial ability to perform the contract executed by him with the owner as against the owner in the broker's action for commissions even though the purchaser was unable, after the execution of the contract, to make the required payments, and the deal failed.

2. BROKERS—*right to commissions not dependent on enforceability of contract between vendor and purchaser.* A broker's right to commissions is complete when he has produced a purchaser ready, able and willing to buy the property on the owner's terms, and the

fact that the contract entered into between the owner and the purchaser is not enforceable by the latter because of conditions therein does not defeat the broker's right to commission.

Appeal from the Municipal Court of Chicago; the Hon. ASA G. ADAMS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1921. Affirmed. Opinion filed October 18, 1922.

M. J. ST. GEORGE and CASIMIR E. MIDOWICZ, for appellant.

PETER P. MINDAK and EWART HARRIS, for appellee.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiff brought suit against defendant to recover $170, claiming that amount due him from the defendant as real estate broker's commission for obtaining a purchaser for defendant's property. There was a trial before the court without a jury and a finding and judgment in plaintiff's favor for the amount of his claim, to reverse which defendant prosecutes this appeal.

The record discloses that plaintiff is a real estate broker and that he and defendant had been acquainted for a number of years and were good friends; that the defendant requested plaintiff to obtain a purchaser for his residence in Chicago telling the plaintiff to secure the best offer he could from $14,500 to $15,000. Thereafter plaintiff endeavored to find a purchaser for the property, submitting the same to different persons, and finally to one Bernard Pozorski. He introduced the latter to defendant on April 4, 1920, and Pozorski offered defendant $14,200 for the property, which offer was accepted. Thereupon a written contract was prepared and signed by the defendant and Pozorski. It is the usual form of contract. Before the contract was signed by the parties, defendant wrote in one of the blank spaces the following: "This

contract binding only in case seller buys another property on North Side.'' Closing of the deal was delayed apparently because of Pozorski's inability to secure the money with which to make the payment provided for in the contract, which money, the evidence tends to show, he was to receive from the sale of some of his own property. On May 12, 1920, defendant wrote Pozorski that on account of Pozorski's delay in making the payment provided by the contract defendant was unable to buy the north side property contemplated, and that his deal for that property had fallen through. He further stated: ''Unless I have the money from you by Saturday morning at or before 11, May 15, I shall consider our contract canceled and I shall return to you your deposit. I am very sorry but I will wait no longer.'' Afterwards, about May 30, the exact date is not shown, Pozorski made a tender of the payment provided by the contract and demanded a conveyance of the property. Defendant refused stating that the tender was made too late; that in defendant's letter of May 12 he had limited the time within which the payment might be made to May 15, and that since the payment was not made on or before May 15, the defendant considered the deal off and had in the meantime sold the property to another person. A few days afterwards defendant returned the earnest money to Pozorski and the contract was canceled. Plaintiff demanded his commission of $200, which amount had been agreed upon, but the defendant refused to pay him. Plaintiff appears to have had other dealings with the defendant as a result of which plaintiff had $30 belonging to the defendant. He applied this $30 on account of his commission, and brought suit for the balance, $170, for which amount the judgment was rendered.

Defendant contends that the judgment is wrong and should be reversed because the written contract entered into between defendant and Pozorski was not an

enforceable contract, and that in the absence of an enforceable contract plaintiff was not entitled to his commission unless it were shown that the purchaser, Pozorski, was ready, able and willing to make the payments required; and that the evidence shows that he was not able to make the payments and, therefore, the plaintiff was not entitled to any commission. In support of this it is argued that the contract was not enforceable because it was there expressly provided that it should not be binding unless defendant bought a piece of property on the north side, and that he did not buy such property.

In reply to this plaintiff's position is that the condition contained in the contract was waived by the defendant. To this defendant replies that he waived the provision upon condition that Pozorski close the deal not later than May 15, which condition was not complied with. We think it is perfectly plain that Pozorski could not enforce the specific performance of this contract since it was expressly provided that it was binding only in case defendant bought the north side property. The waiver of this provision in the letter of May 12 was upon the express condition that the deal be closed by May 15. This condition not being complied with, the contract was never enforceable.

Defendant also argues that no recovery can be had because the evidence shows Pozorski was financially unable to make the payments required by the terms of the contract. In support of this it is said that the evidence shows that defendant was repeatedly pressing Pozorski to close the deal but that Pozorski kept putting the matter off from time to time on account of his inability to make the payment required.

The evidence tends to show that at the time plaintiff introduced Pozorski to defendant, April 4, 1920, it was stated to the defendant that Pozorski was disposing of some property he then owned and that he would pay defendant from the money he received from that

transaction and that this might take some little time. The defendant contends that it was stated to him at the time of signing of the contract that Pozorski had sufficient money in the bank to make the required payments. This is denied, and we must presume that the court found against the defendant on this question. The defendant having accepted Pozorski as a purchaser for his property by entering into the contract with him, and the defendant not having been influenced by any fraud or misrepresentation, such acceptance of the purchaser was a determination by defendant of Pozorski's ability to perform the contract; and the fact that afterwards Pozorski failed to perform it cannot defeat the broker's right to commission on the ground that the purchaser was not able to pay the amount required. *Fox v. Ryan*, 240 Ill. 391. In the instant case, although the contract could not be enforced by Pozorski on account of the condition in the contract mentioned, yet we think the execution of it by the defendant determined the ability of Pozorski to carry out its terms, since the condition which rendered the contract unenforceable was inserted for the sole benefit of the defendant and bore no relation to the readiness, ability or willingness of Pozorski to carry out the contract.

Since there is a great deal of argument in the briefs that a broker is not entitled to his commission where a purchaser has been accepted by the owner of premises sought to be sold unless the contract is enforceable, we think we ought to say that this is not the law. Where a broker, employed to find a purchaser, produces one who is ready, able and willing to buy the property on the terms proposed by the owner, the broker has earned his commission—he has performed his contract, and although the owner and prospective purchaser enter into an agreement which is not enforceable, this can in no way affect the broker's rights as he is not a party to that contract at all. *Monroe v.*

*Snow,* 131 Ill. 127; *Hersher v. Wells,* 103 Ill. App. 418; *Schulte v. Meehan,* 133 Ill. App. 491; *Goodridge v. Holladay,* 18 Ill. App. 363.

A number of decisions announce the law to be that a real estate broker, to be entitled to his commission, must present a purchaser to his employer who is ready, able and willing to purchase the property on the terms proposed and he will then be entitled to a commission whether a contract is made or not. Some of these cases state further that if the principal accepts the purchaser either upon the terms previously proposed or upon modified terms then agreed upon and a valid contract is entered into between the principal and the purchaser presented by the broker, the broker's commission is earned, but if the contract entered into is not enforceable then the broker is entitled to no commission. This latter statement is inaccurate and inconsistent with the first, because if the broker has presented a purchaser who is ready, able and willing to buy on the proposed terms, then he is entitled to his commission, and no contract which his employer and the purchaser may enter into can affect this right. This is obviously true and is so held in the authorities above cited.

The judgment of the municipal court of Chicago is affirmed.

*Affirmed.*

THOMSON, P. J., and TAYLOR, J., concur.