Edward K. Stackler, Joseph Spalter and Chicago Title & Trust Company, as Trustee Under Trust No. 38482, Plaintiffs-Appellees, v. Village of Skokie, a Municipal Corporation, Defendant-Appellant.

Gen. No. 49,657.

First District, First Division.

November 30, 1964.

Marvin J. Glink, Corporation Counsel, of Skokie (Morton C. Kaplan, Assistant Corporation Counsel, of counsel), for appellant.

L. Louis Karton and Stackler & Levenfeld, of Chicago, for appellees.

MR. PRESIDING JUSTICE MURPHY delivered the opinion of the court.

This is an appeal from an order vacating a dismissal for want of prosecution and reinstating the cause. As the petition to vacate was not filed until after 30 days from the entry of the dismissal order, defendant contends that "the stability of our court system requires that the dismissal remain final where said dismissal was due to the negligence of the plaintiff."

The essential facts are not in dispute. A complaint for declaratory judgment and injunction was filed by plaintiffs on September 27, 1962. After an extended contest in pleading, joined in by intervening defendants, the case was at issue on June 12, 1963. On November 21, 1963, an order was entered which shows that

the cause was dismissed "for want of prosecution without costs," because the case was "reached on the regular trial call" and "no response was made for either party." On January 17, 1964, the court sustained plaintiffs' petition to vacate the dismissal order, and the dismissal was set aside and the cause reinstated. The defendant Village of Skokie appeals.

█ The verified petition of plaintiffs alleges, in substance, that the first knowledge plaintiffs had of the dismissal was on January 9, 1964, when plaintiffs' attorney was informed of the order by an attorney for the intervening defendants. During the early and middle part of November, 1963, the attorneys for both sides were in consultation concerning the imminent call of the calendar, and they agreed to ask the court to set the case for an early trial. Each of the attorneys was engaged in other matters at the time of the call of the calendar, and each relied upon the other to have the call answered and a trial date obtained. No answer to the petition was filed. Therefore, relevant statements of facts contained in the petition must be taken as true.

Defendant contends that the rule is well established that a person may not avail himself of the remedies under section 72 of the Civil Practice Act unless he "shows that through no fault or negligence of his own the error of fact or the existence of a valid defense was not made to appear to the trial court." Cases cited include Harder v. Advance Transp. Co., 26 Ill App2d 439, 168 NE2d 777 (1960), and Mandel v. Jackman, 16 Ill App2d 478, 148 NE2d 825 (1958). Defendant argues that "there exists no excusable mistake on the part of the plaintiff which would justify a vacation of the final order of dismissal under the principles enumerated herein. Plaintiff was bound to exercise due diligence to note when his cause of ac-

tion was called for trial. This is a responsibility which is primarily the concern of the initiator of the cause of action and defendant in no way misled or prevented plaintiff from exercising said diligence as was required of him."

■■ A petition to vacate a dismissal or a default judgment is addressed to the equitable powers of the court, and it is only when there is an abuse of discretion that a reviewing court will interfere. In Dann v. Gumbiner, 29 Ill App2d 374, 380, 173 NE2d 525 (1961), we said:

> "Since Ellman v. DeRuiter (1952), 412 Ill 285, 106 NE2d 350, we believe the pattern of liberality in vacating default judgments in term time has been definitely expanded to include proceedings brought under section 72 [Ill Rev Stats 1959, c 110, § 72], to set aside default judgments entered more than 30 days prior to the filing of the petition to vacate such judgments. . . . Stability of judgments must be preserved, but with the increase in litigation, mistakes are bound to occur, and 'co-operation within the profession is imperative.' . . . The petition may be 'addressed to the equitable powers of the court, when the exercise of such power is necessary to prevent injustice.'"

■ Under all the circumstances presented here, we are not persuaded that the trial court abused its discretion by granting plaintiffs' petition. It appears that plaintiffs' complaint sufficiently pleaded a cause of action as all the defendants answered it; that neither the plaintiffs' nor the defendant's attorneys received any notice of the dismissal, as required by statute (Ill Rev Stats c 110, § 50.1; see also Nagel v. Wagner, 46 Ill App2d 2, 196 NE2d 728 (1964)); also no injury or damage has resulted to any of the parties by reason of the failure to appear.

For the reasons given, we conclude the trial court did not abuse its discretion, and the order vacating the order of dismissal and reinstating the cause is affirmed.

Affirmed.

BURMAN and KLUCZYNSKI, JJ., concur.