JOHN WILLIAM WOOD, Plaintiff-Appellee, *v.* JOSEPH M. JOHNSON, Executor of the Estate of WILLIAM R. JOHNSON, Deceased, Defendant-Appellant.

(No. 70-42;

Second District—November 16, 1970.

Burek & Field, of Wheaton, for appellant.

Gerald C. Snyder, of Waukegan, for appellee.

Mr. JUSTICE ALLOY delivered the opinion of the court:

Plaintiff John William Wood filed a complaint against defendant Joseph M. Johnson, individually and as Executor of the Estate of William R. Johnson, deceased, alleging that he was entitled to a broker's commission in the amount of $162,500. The complaint alleged that plaintiff, as a broker, had been employed to procure a buyer for the "Chevy-Chase Country Club property" owned by defendant; that plaintiff had presented a purchaser who was accepted by defendant; and that a valid written contract was entered into for the purchase price of $3,250,000. It was alleged that defendant agreed to pay a broker's commission to

plaintiff of five per cent (5%) of the purchase price and that although plaintiff had demanded payment, no payment was made. The transaction involving the sale of the premises occurred in December 1963.

The action from which this appeal stems was initiated on November 13, 1968. Defendant filed an answer, appearing *pro se*. On May 28, 1969, following notice, the cause was set for trial before a jury on July 21, 1969. Defendant was served with an additional notice of such setting on July 10, 1969. On such date plaintiff announced he was ready for trial and defendant asserted that he was not. Defendant orally stated that he was unable to go to trial at the time; that the original parties involved in the case had been underway with other proceedings, not involved directly as between the parties with respect to the commission, for a number of years prior to that time in other proceedings in the circuit court of Lake County. Defendant, who was an attorney, but who was not practicing, orally requested a continuance. Plaintiff's attorney stated, that, following notice, he had summoned his client who had come in from Texas for the purpose of the trial of the cause. In the course of the discussion, the court stated that defendant, in making his request for a continuance, was not "following the rules", and that he had not presented anything to the court which justified a continuance. There was some discussion between defendant and the court as to what if anything was required to justify a continuance. It is not necessary that we detail this discussion in view of our determination of this cause. The court denied the request for continuance. Thereafter, defendant stated he would not participate in the trial which the court set for 1:30 P.M. the same afternoon.

The failure of the defendant to appear and proceed at the trial resulted in a default and a formal "prove up" of the obligation before the jury, followed by a directed verdict for $162,500 as against the defendant.

The defendant in the course of the discussion with the trial court, stated that he would gladly stand trial that day if he could get his witnesses but that they were preoccupied with business or vacations. No affidavit or testimony was submitted in support of defendant's motion. As we have indicated the continuance request was denied. At the hearing conducted in the afternoon before the jury, plaintiff testified that he lived in Midland, Texas, and came to Illinois for the trial; that he was a licensed real estate broker in Illinois and had been since 1930. Defendant in the cause lives in Lake County. Plaintiff testified that he had been employed to procure a buyer for the Chevy-Chase Country Club and had done extensive work in connection with such employment. He referred to an offer he had received for $3,000,000 for the property, which was

rejected, and a subsequent offer of $3,250,000, which was accepted (after plaintiff had worked for over two years on the sale of the property). The record shows that after the offer for $3,250,000 was presented, defendant requested and received five credit reports as to the purchaser, and after the defendant had received such reports he accepted the offer of purchase and signed the contract.

Following entry of judgment in this cause, defendant filed a petition to vacate the judgment. The petition recites that an action was filed by defendant on November 25, 1964, against the purchaser for default on the December 9, 1963, contract, upon which the plaintiff contends a commission is payable. A judgment order was entered on January 28, 1965, finding that the purchaser was in default. Plaintiff in this action, was not a party to that lawsuit. It was also recited, in the petition, that another action was filed by defendant Johnson against the individual purchaser in the 1963 contract and as against plaintiff. That action alleged a conspiracy as between said defendants. The judgment order entered in that case, on October 7, 1968, found that there was no conspiracy; that defendant Johnson had requested and received credit reports as to the purchaser and judgment was entered in favor of plaintiff and the purchaser in that action.

Defendant's affidavit indicated that he was admitted to practice law in Illinois in 1933 but that his business had been that of an investment broker and counselor and that defendant was unfamiliar with the practice of law. Defendant was shown to be a successful businessman engaged in business for more than 35 years. While he maintained an office and was referred to as an attorney, he did not practice actively. It was shown that defendant elected not to engaged an attorney to assist him at any time prior to the entry of the judgment in this cause, although he had been represented by attorneys in the previous proceedings referred to in the petition to vacate. The petition to vacate the decree was denied.

On appeal in this cause, defendant contends that the court committed reversible error in denying defendant a continuance. Defendant asserts that it is not necessary that defendant establish a meritorious defense or facts relating to a defense in the action or show reasonable excuse to justify setting aside a default, and that the entry of judgment in the cause before us was a denial of substantial justice to defendant. Defendant agrees that the motion for continuance was not made in accordance with Supreme Court Rule 231. (Ill. Rev. Stat. 1969, ch. 110A, par. 231.) It is also established of record that the cause was set for trial pursuant to notice and that thereafter special notice of the setting was given to defendant. No written motion or affidavit for continuance was presented.

■■ As this court had indicated at considerable length in *Brewer v. Martin*, 96 Ill.App.2d 54, 238 N.E.2d 162, a motion to set aside a default is addressed to the sound discretion of the court. We pointed out in that case that the principles as expressed in *Widicus v. Southwestern Electric Cooperative, Inc.*, 26 Ill.App.2d 102, 167 N.E.2d 799, and also supported in *Kehrer v. Kehrer*, 28 Ill.App.2d 296, 172 N.E.2d 239, and *Lynch v. Illinois Hospital Services, Inc.*, 38 Ill.App.2d 470, 187 N.E.2d 330, were approved by the courts of this State. We pointed out there that the basic concept with which the courts are concerned is that of attaining justice through the exercise of fairness to both parties. As we emphasized in that case, the court can and should examine into such considerations as the reason for failure to present a timely defense, and, also, whether a reasonable basis for a meritorious defense in fact exists. We stated there that another important consideration is the determination of whether or not setting aside the default will operate as a hardship on the party who obtained the default judgment. In this connection, we also referred to *Mieszkowski v. Norville*, 61 Ill.App.2d 289, 209 N.E.2d 358, where it was noted that the court must decided whether some meritorious defense exists so that vacating the judgment will not be a patently useless act.

■■ With these principles in view, it is essential to examine into the record in the cause before us. It is disclosed from such record that the property owner, in the cause before us, had asked for credit reports as to the purchaser, and had received five credit reports before he entered into a written contract with the buyer. He approved and accepted the buyer and executed a written contract of sale with the buyer. On the basis of such activity, since seller had checked the credit of the buyer and relied on the result of his own judgment, followed by the execution of a written contract with buyer, the broker became entitled to a commission (*Rushkiewicz v. St. George*, 226 Ill.App. 310; *Chapman v. Illinois Midwest Joint Stock Land Bank*, 302 Ill.App, 282, 23 N.E.2d 744.) The fact that one of the parties to the contract failed to complete the sale provided for in the written contract does not deprive the broker of his right to the commission. The circumstance that the purchaser was held in default following the execution of the contract would not be a defense to suit for broker's commission under the contract, since defendant accepted the purchaser after investigating his financial stability. Where a seller has obtained credit reports or makes an independent investigation, and thereafter executes an agreement to sell to such purchaser, the transaction amounted to a conclusive arrangement between the seller and the buyer, and the actions of the seller in concluding such contract, following receipt of credit reports, amounts to a waiver of a condition relating to

the readiness, willingness and ability of the purchaser to complete the transaction, which might otherwise have obtained. *Cabry v. Ionidas*, 122 Ill.App.2d 167, 258 N.E.2d 45.

■■ As a consequence of a review of the record, it becomes apparent that plaintiff would be entitled to a commission on the basis of the facts of record, and that setting aside the default and vacating the judgment would be, as expressed in *Mieszkowski v. Norville, supra*, a "patently useless act". We agree that under the precedents in this State, it is not indispensable in the motion to set aside a default, that a specific meritorious defense be established or that a rigid showing be made of good and sufficient cause for setting aside a default. It is true that the court, in passing on the motion should examine into all matters of record relating thereto, to determine, on basic principles of fairness and furtherance of justice, whether the default should be set aside and the judgment vacated. This does not mean, however, that in any case where request is made to set aside a default and vacate a judgment, that the motion should be granted irrespective of whether or not setting aside such judgment will be of value in the ultimate determination of the cause. This involves an examination of facts of record presented in the proceeding to set aside such default. If it appears that vacating the judgment would be a useless act, and that, ultimately, the obligation which is reflected by the judgment would necessarily be required to be imposed, then the court should not vacate the judgment.

■■ Applying the principles which we have discussed in the course of this opinion, we do not find it necessary to determine whether or not defendant failed to show diligence or whether the denial of the motion for continuance was proper by reason of the failure of the defendant to file or state grounds for a continuance. In view of the record in this cause it is apparent that the same liability would be imposed on defendant at a trial on the merits in this cause. Accordingly, we conclude that the denial of the petition to vacate the judgment against defendant was proper.

For the reason heretofore stated, therefore, the judgment of the circuit court of Lake County will be affirmed.

Judgment affirmed.

RYAN, P. J. and STOUDER, J., concur.