WILLIAM BRYANT, Plaintiff-Appellant, *v.* GEORGE N. ETNYRE, JR., Defendant-Appellee.

(No. 70-59;

Second District—November 20, 1970.

Berry, Simmons & Coplan, of Rockford, for appellant.

Fearer & Nye, of Oregon, for appellee.

Mr. JUSTICE ABRAHAMSON delivered the opinion of the court:

The issue presented is whether the trial court improperly denied a petition filed by the plaintiff seeking the vacation of an order of dismissal for want of prosecution.

A complaint for false arrest was filed by the plaintiff, William Bryant, against the defendant, George N. Etnyre, Jr., on August 16, 1965, in the circuit court of Ogle County. The defendant, thereafter, on September

15, 1965, filed a motion to strike and dismiss the complaint on the grounds that it failed to state a cause of action. On September 7, 1967, there having been no orders or other motions in this case, the plaintiff was served with a notice by the circuit court clerk, under Local Rule 5, that the case would be dismissed on October 2, 1967, for want of prosecution unless justifiable cause was shown for continuance.

On October 2, 1967, the plaintiff not having appeared or otherwise responded to the Rule, the case was dismissed for want of prosecution. That order appears in the court file of this case.

On August 20, 1969, the plaintiff filed a petition under Section 72 of the Civil Practice Act (Ill. Rev. Stat. 1969, ch. 110, sec. 72) which alleged that the counsel for the plaintiff was given notice that the case would be dismissed for want of prosecution on October 2, 1967; that the attorney for the plaintiff telephoned the attorney for the defendant as soon as he received the notice and advised him that he was engaged in the preparation of a murder case that was subject to call in the month of October, and was actually tried in November, 1967; that he could not be present on October 2, 1967, because of engagements in the circuit court of Winnebago County; that it was his understanding that the counsel for the defendant would make a statement to the court supporting these facts so that the case would not be dismissed; that he checked the judge's docket in the office of the clerk of the circuit court in February or March, of 1968, and found no order of dismissal on record; that he was informed on or about September 16, 1968, that the suit had been dismissed on October 2, 1967, and that he verily believes that his client, the plaintiff, has a just and legal cause of action. Attached to the petition was an affidavit of plaintiff's attorney substantiating the petition.

Plaintiff's attorney, after realizing that he had not requested service to be made on the defendant, caused the defendant to be served on December 12, 1969. On January 5, 1970, the defendant filed an answer, stating that the counsel for the plaintiff had stated that he called the attorney for the defendant and made arrangements for non-dismissal but that nothing was done until March, 1968, when counsel for the plaintiff says he examined the docket and found no order for dismissal, whereas the file marks indicated that the matter was dismissed on October 2, 1967. The answer further states that counsel for the plaintiff did nothing until August, 1969, when he drafted a petition to reinstate but since he did nothing about setting it for hearing, two dates had been set by counsel for the defendant, and the defendant prayed for a dismissal of the petition.

On January 13, 1970, the Judge, in her memorandum order, stated that although the plaintiff's attorney says he checked the docket in the office

of the clerk of the circuit court and failed to find an order of dismissal, if he had checked the court file, he would have found the order of dismissal. The Judge's memorandum order concluded that: "It is incumbent upon plaintiff to use due diligence in disposing of cases, and even though notice was given prior to entering order of dismissal and not thereafter, and plaintiff relied on conversations with defendant's attorney, which conversations were delayed to the court, motion to reinstate is denied." This appeal followed.

Plaintiff argues that the court violated its own Rule 5 which provided that notice of a dismissal should be given to the dismissed litigant, and states that such notice is also provided by Ill. Rev. Stat. 1969, ch. 110, sec. 50.1. However, said section, although providing for notice of the entry of an order of dismissal for want of prosecution, also states: "The failure of the clerk to give the notice does not impair the force, validity or effect of the order." It is also argued by the plaintiff that Section 72 invokes the equitable powers of the court as justice and fairness require. In *Esczuk v. Chicago Transit Authority*, 39 Ill.2d 464, 467, the court stated that section 72, of the Civil Practice Act, "enables a party to bring before the court rendering a judgment matters of fact which, if known to the court at the time the judgment was entered, would have prevented its rendition." The court also stated: "It has long been held that once a court acquires jurisdiction, it is the duty of the litigants to follow the case." Without repeating the chronology of events in this case, it is apparent that the plaintiff's attorney failed properly to follow his case. The argument of the plaintiff's attorney that, even though an attorney may neglect to pursue his case, his client should have his day in court, is not impressive. In *Davis Furniture Co. v. Young*, 102 Ill.App.2d 415, 419, it is stated:

"Section 72 is not intended to relieve a party from the consequences of his own mistake or negligence (Esczuk v. Chicago Transit Authority, 39 Ill. 2d 464, 467, 236 NE2d 719 (1968)) even though a determination under section 72 invokes the equitable powers of the court, as justice and fairness require. Elfman v. Evanston Bus Co., 27 Ill. 2d 609, 613, 615, 130 NE2d 348 (1963). The defendant must show that his failure to resist the judgment initially was a result of an excusable mistake and that he has a reasonable excuse for failure to act within the appropriate time."

In *Brantley v. Delnor Hospital, Inc.*, 120 Ill.App.2d 185, the court upheld an order (pursuant to a local rule) of dismissal for want of prosecution and found that although the attorney stated the reason why he did not attend the docket call (a previous commitment on that day), he totally failed to assert any sufficient cause why nothing had been done

in the prosecution of the cause preceding the call. The court concluded that the trial court properly exercised its discretion in refusing to vacate the order of dismissal because no sufficient cause was shown by the plaintiff for his failure to take positive action in the cause during the year (in our case, two years) preceding the dismissal. The court quoted from *Deardorff v. Decatur and Macon County Hosp. Ass'n* (1969), 111 Ill.App.2d 384 at page 390, 250 N.E.2d 313, at page 316, the following, p. 191:

"The desirability of resolving lawsuits by a trial on the merits is not aided where either a plaintiff or a defendant, as the case may be, does not show reasonable diligence in bringing about that result."

The court further stated the following, p. 192:

"We prefer to decide cases on their merits, and seek to avoid determinations based on procedural or rule violations or omissions. However, flagrant and continued infringements of procedures and rules cannot be tolerated, and may justify our affirmance of the trial court's dismissal of the action for want of prosecution, without hearing the case on its merits."

The Section 72 petition in the present case was inadequate. No sufficient cause is alleged as to why nothing had been done in the prosecution of the cause either before or after the order of dismissal. It fails to state a cause of action and shows on its face that the petitioner is not entitled to the relief sought. The order of the trial court is affirmed.

Order affirmed.

DAVIS, P. J. and SEIDENFELD, J., concur.