Spence E. Morris, Sr., Plaintiff-Appellant, *v.* Richard Smith *et al.*, Defendants-Appellees.

(No. 74-146; 

Third District—May 30, 1975.

Jack C. Vieley, of Peoria, for appellant.

Maloney & Pierson, of Princeton (Matthew A. Maloney, of counsel), for appellees.

Mr. JUSTICE BARRY delivered the opinion of the court:

The plaintiff filed a small claims complaint in Peoria for $394 plus $22.30 in costs against the defendants, residents of Bureau County, on October 18, 1973. The defendants were personally served on October 23,

1973, with the summons and a copy of the complaint. The defendants did not appear or answer the complaint and a default judgment was entered against them in Peoria on November 1, 1973, 7 days after service. Six days after the entry of that default judgment, the plaintiff caused a wage deduction summons to be served upon defendant, Richard Smith's, employer; some 3 months later his employer answered the summons. Eighty-nine days after entry of default judgment, on January 28, 1974, the defendants, husband and wife, filed a section 72 petition to open the default judgment. The trial court denied plaintiff's motion to dismiss and granted the section 72 petition of the defendants. From this order the plaintiff has appealed.

■■ The only issue on appeal is whether the defendants' motion to vacate a default judgment pursuant to section 72 of the Civil Practice Act was legally sufficient. Two essential elements are necessary to establish a legally sufficient section 72 petition. (*Aetna Casualty & Surety Co. v. Sanders*, 15 Ill.App.3d 573, 305 N.E.2d 25 (1973).) These two elements are due diligence on the part of the defendant and the existence of a meritorious defense to the claim on which the default judgment was based. Both of these elements must be alleged in the section 72 petition and substantiated by sworn affidavits or testimony.

■■ In the case at bar, the defendants had a meritorious defense to the plaintiff's claim. Firstly, the defendant Joye D. Smith had no contact or dealings whatsoever with the plaintiff. There are no facts in the record to indicate any money owed by Joye D. Smith to the plaintiff under any theory of recovery. The record indicates that the plaintiff intentionally joined Mrs. Joye D. Smith knowing she had owed no debt at all. This conduct was an intentional harassment of that defendant, Joye D. Smith, by plaintiff. It showed the bad faith of the plaintiff. Secondly, defendant, Richard Smith, admits contracting with the plaintiff for his detective services, but the defendant claims he has fully paid for those services. This allegation is supported by two exhibits consisting of canceled checks showing payment to the plaintiff by Richard Smith. The defendants alleged the above particulars of their meritorious defense and supported them by their sworn affidavits. The plaintiff failed to file any refuting counter-affidavits. Therefore we must accept the defendants' claim of a meritorious defense as valid.

With regard to the necessary element of due diligence the plaintiff asserts a complete lack in that there was an 89-day delay from the rendering of the default judgment to the filing of the section 72 petition. The plaintiff relies on the case of *Elmwood Ford Motors, Inc. v. Mardegan*, 42 Ill.App.2d 342, 192 N.E.2d 445 (1963), for support of his contention. That

case is distinguishable. The facts are very similar to the present case with one important exception. There the defendant had notice within 30 days of the default judgment by having knowledge of a garnishment of his bank account. He, thereafter, waited 17 more days before filing his section 72 petition to open up the default judgment. The court felt this delay after notice showed lack of due diligence. This was the holding even though the defendant had contacted the plaintiff and relied on his representation that the suit would be dismissed. In the present case there is no evidence that the defendants had any notice of or were aware of either the default judgment or the garnishment within 30 days after the entry of the default judgment. Therefore, we are not obliged, as in *Elmwood*, to rule that the defendants lacked due diligence. Absent such notice evidence, we are compelled to decide that the defendants had no notice of the default judgment in time to file a motion to vacate it pursuant to section 50(5) of the Illinois Civil Practice Act (Ill. Rev. Stat., ch. 110, par. 50(5)). The only relief open to the defendants was a petition to open up the default judgment under section 72 (Ill. Rev. Stat., ch. 110, par. 72).

■■ We are persuaded that the defendants properly suggested we rely on the case of *Alexander Lumber Co. v. Busboom*, 122 Ill.App.2d 342, 259 N.E.2d 76 (1970), as controlling the present case wherein the facts are similar. The trial court clearly acted within its discretion in granting defendant's section 72 petition in the *Alexander Lumber Co.* case. The facts in the present case show that the trial court also acted within its discretion in granting the section 72 petition in the present case.

The plaintiff has confused the section 50 motion to vacate, which must be brought within 30 days of the entry of the default judgment, with a section 72 petition to open a default judgment which need only be brought within 2 years of the entry of that judgment. The allegations of defendants' section 72 petition were legally sufficient and supported by sworn affidavits. The plaintiff did not file any counteraffidavits. The fact leaves the defendants' allegations uncontroverted. Because the plaintiff has not challenged the defendants' sworn affidavits supporting his section 72 petition we will accept them and uphold the trial court's exercise of discretion (*Union Drainage District No. 5 v. Hamilton*, 390 Ill. 487, 61 N.E.2d 343 (1935)).

With the enactment of section 72 of the Civil Practice Act, all the relief available by several very technical common-law writs at law and at equity became available through this one simple action. Clearly then, a section 72 petition is an added remedy, available after the time limitation for a section 50 motion to vacate has run out.

Accordingly we find that the defendants' section 72 petition was legally

sufficient; the trial court had sufficient facts before it to grant the equitable relief of a section 72 petition to the defendants, and it was not an abuse of the trial court's authority and discretion to deny the plaintiff's motion to dismiss.

Affirmed.

STOUDER and STENGEL, JJ., concur.