ANN L. WINDMON, Plaintiff-Appellee, *v.* JOHNNIE BANKS, Defendant-Appellant.

(No. 61201; )

First District (3rd Division)—August 21, 1975.

. . Tim J. Harrington, of Chicago (C. Joseph Bilder, of counsel), for appellant.

Washington, Kennon, Bryant and Hunter, of Chicago (E. A. Hunter, Jr., of counsel), for appellee.

Mr. JUSTICE MEJDA delivered the opinion of the court:

Defendant, Johnnie Banks, appeals from an order which vacated a prior order dismissing the cause for want of prosecution. The order of vacatur was entered upon a petition filed on behalf of plaintiff, Ann L. Windmon, pursuant to section 72 of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 72).

The sole issue on appeal is the sufficiency of the petition to sustain the order of vacature. Defendant contends that plaintiff's motion failed to allege or prove diligence on the part of plaintiff or her attorney and that plaintiff's petition was supported solely by the affidavit of her attorney and was not based on personal knowledge.

Plaintiff commenced this action against defendant on July 28, 1971, by filing a complaint for personal injuries allegedly sustained in an automobile accident. Defendant filed an answer on September 15, 1971. Subsequently, a discovery deposition of plaintiff was taken on December 13, 1973, at which Attorney E. A. Hunter, Jr. was present. On May 16, 1974, the cause was dismissed for want of prosecution.

On September 10, 1974, a motion was filed by Attorney Hunter on behalf of plaintiff for leave to file the appearance of his office as attorneys and to vacate and set aside the order of May 16, 1974, which dismissed the cause for want of prosecution.The motion was supported only by the affidavit of Hunter (affiant-attorney) and alleged in substance that plaintiff's prior counsel had withdrawn from the case and plaintiff approached affiant to represent her; that affiant advised plaintiff he would not undertake such representation but would attempt to assist in her investigation; that he had been trying to contact plaintiff for the past several months without success until she telephoned him on August 22, 1974, and advised that she had been "in and out of the hospital for the past several months recovering from a very serious illness, which preoccupied all her time," and had been "released last week"; that plaintiff was surprised to learn that affiant had not previously consented to represent her; that affiant had not filed an appearance on plaintiff's behalf "but in view of plaintiff's position and her expressed desire to have your affiant represent her, your affiant, in the interest of good relationship with the plaintiff and my strong desire that she has a meritorious claim, will be happy to file an appearance and pursue this matter to its ultimate conclusion."

At the hearing on plaintiff's motion defense counsel argued that although plaintiff first contacted the affiant-attorney in late October or

early November of 1973, the attorney appeared at the deposition with plaintiff in December 1973, participated in the deposition and furnished defendant's attorney with a copy of an appearance dated November 9, 1973 which he then stated he was going to file. The appearance was never filed. Although the attorney admitted he was served with interrogatories in February and with notice that defendant was going to trial in April 1974, the record does not reflect the attorney's action as to the supplemental interrogatories. The attorney for plaintiff argued that he was not previously representing her, but that his office had attempted to locate her to advise the progress of the case and was unable to reach her. Defendant further argued that there was "no proof of anything except the attorney's allegation that plaintiff was in the hospital" and that the affidavit did not set forth valid circumstances for relief under section 72.

The trial court granted counsel leave to file the appearance instanter on behalf of plaintiff and ordered that the order of May 16, 1974 dismissing the cause for want of prosecution be vacated, and set the cause for trial on October 21, 1974.

■■■ A party may challenge a section 72 petition at any time on the ground of its total failure to state a cause of action notwithstanding a failure to challenge the sufficiency by motion to dismiss. (*De Jarnett v. Roseborough* (1968), 94 Ill.App.2d 164, 236 N.E.2d 276.) Since defendant in the instant case had not challenged the sufficiency of the petition by motion to strike or by answer, this court can only consider whether the petition totally fails to state a cause of action. (*Carroll & Neiman, Inc. v. Silverman* (1975), 28 Ill.App.3d 289, 328 N.E.2d 205.) A petition which fails to allege facts showing diligence and that the dismissal order was a result of excusable mistake renders the petition insufficient as a matter of law. See *Mehr v. Dunbar Builders Corp.* (1972), 7 Ill.App.3d 881, 289 N.E.2d 25; *Esczuk v. Chicago Transit Authority* (1968), 39 Ill.2d 464, 236 N.E.2d 719; *Bryant v. Etnyre* (1970), 130 Ill.App.2d 578, 264 N.E.2d 276.

■■ Unless the allegations of the petition in the instant proceeding are not sufficient to support an order vacating the order of dismissal, we must hold that the trial court did not abuse its discretion. Defendant did not file a responsive pleading, and therefore, the facts properly alleged in plaintiff's affidavit are not contradicted and must be taken as true. *Storm v. Ben-Lee Motor Service Co.* (1973), 11 Ill.App.3d 516, 298 N.E.2d 315.

■■■ Generally, two elements are necessary to establish a legally sufficient section 72 petition, namely, due diligence and a meritorious defense or claim in the original action. (*Aetna Casualty & Surety Co. v. Sanders* (1973), 15 Ill.App.3d 573, 305 N.E.2d 25.) The facts which must be

alleged are not those which form the basis for the original action, but those which allegedly entitle the petitioner to the relief sought. Although a defendant who seeks to set aside a default judgment must allege facts in support of his allegation that he has a meritorious defense, a plaintiff who seeks relief from an *ex parte* order of dismissal is not required to allege facts showing a meritorious cause of action. (*Smith v. Pappas* (1969), 112 Ill.App.2d 129, 251 N.E.2d 390.) The affidavit of affiant-attorney stated "my strong desire that she has a meritorious claim" which, despite the ambiguity of the word "desire," expresses the ultimate fact of a meritorious claim. It was not necessary to further reiterate the contentions set forth in the complaint which had been previously filed. (See *Hall v. Hall* (1973), 15 Ill.App.3d 599, 304 N.E.2d 763.) Since the complaint was on file, defendant's argument on appeal that the petition is insufficient for failure to allege a meritorious claim is without merit.

It is necessary to determine whether the petition totally fails to allege any facts upon which the trial court could find that reasonable diligence had been exercised by plaintiff. In the section 72 proceeding plaintiff must show diligence in presenting the original action before the default was entered, in that under the circumstances, he acted reasonably and not negligently when he initially failed to prevent the entry of the dismissal order (*Riley v. Unknown Owners* (1972), 6 Ill.App.3d 864, 867, 286 N.E.2d 806), and showed diligence in presenting the petition promptly. *Hall v. Hall, supra.*

■■■ A section 72 petition is addressed to the equitable powers of the court, and a reviewing court will interfere only where there is an abuse of discretion. (*Stackler v. Village of Skokie* (1964), 53 Ill.App.2d 417, 203 N.E.2d 183.) Where an excusable mistake is shown as the reason why a default judgment has been rendered, such mistake is a sufficient showing of reasonable diligence. (*Boyle v. Veterans Hauling Line* (1961), 29 Ill.App.2d 235, 172 N.E.2d 512.) The basic question is whether plaintiff was guilty of an excusable or inexcusable mistake. (*Fitschen v. Bellm Freight Lines, Inc.* (1971), 131 Ill.App.2d 757, 266 N.E.2d 740.) While the acts of an attorney may be imputed to the client, inadvertence of counsel should not be heard to necessarily excuse a default or, on the other hand, bar its vacation. (*Mieszkowski v. Norville* (1965), 61 Ill.App. 2d 289, 209 N.E.2d 358.) However, a person is not chargeable with notice to an attorney when the relationship of attorney and client does not in fact exist between them. (*Jacobson v. Ashkinaze* (1929), 337 Ill. 141, 168 N.E. 647.) If a party is not represented by an attorney of record, papers other than process are to be served upon the party personally. Ill. Rev. Stat. 1973, ch. 110A, par. 11(a).

Defendant argues that the motion and affidavit failed to prove dili-

gence in that there was no allegation (a) that either plaintiff or her attorney did not know the case was on the trial call; (b) specifying that plaintiff was prevented from appearing on the trial date because of the hospitalization and illness; nor (c) of an excuse why Attorney Hunter failed to answer the trial call. Affiant-attorney admitted that he had been served with interrogatories and with notice of trial. We turn then to the allegations in the affidavit.

■■ The affidavit alleges that plaintiff's attorney had withdrawn, that no appearance as attorney had been filed on behalf of plaintiff, and that notwithstanding plaintiff's misunderstanding, affiant-attorney did not previously undertake or agree to represent plaintiff in the trial court. It follows that plaintiff was in fact appearing *pro se*, and that all papers and notices were required to be served upon her in the absence of an attorney of record. The notice served on the affiant-attorney cannot be imputed to plaintiff unless communicated to her. Such notice was negated by the allegations that affiant was unable to contact plaintiff for several months. The notice of trial was not therefore chargeable to plaintiff.

■■ The allegations also establish that affiant-attorney did not in fact represent plaintiff and was not acting as her attorney when the dismissal order was entered. However, we do not approve nor condone his failure when served with notice of trial to promptly so advise the court and defendant's attorney. It was his duty to the court, and at a minimum, a courtesy to defendant's attorney to do so. However, in all basic fairness, the default or negligence of the affiant-attorney cannot, under the circumstances, be permitted to deny plaintiff her day in court.

The facts in the affidavit further show the confusion and misunderstanding between plaintiff and affiant-attorney as to whether there was an agreement to represent plaintiff. She believed there was an agreement and in his affidavit he denied such an agreement. Although he did previously indicate to defendant's attorney that he was going to file his appearance, the court files would disclose that it had not been filed. In this instance, inasmuch as defendant's attorney assumed that Attorney Hunter represented plaintiff, the mere courtesy of a telephone call to the latter attorney would have revealed the misunderstanding and the insufficiency of the notice of trial which had been served. Plaintiff believed that she was properly represented by an attorney and would be notified when her appearance was required. In this she was mistaken, but excusably so. See *Boughton v. Jones* (1968), 98 Ill.App.2d 396, 240 N.E.2d 263.

■■ The affidavit further establishes that after affiant-attorney unsuccessfully tried to contact plaintiff he received a telephone call from her

on August 22, 1974. Plaintiff acted reasonably and with diligence in presenting the motion and affidavit to the trial court on September 10, 1974.

The entry of a default order against a litigant is a harsh and drastic action. Plaintiff's recent personal appearance for her deposition, after original counsel had withdrawn, indicated that she was not acting with indifference to nor disregard of the prosecution of her case (*Prendergast v. South Stickney School District* (1972), 9 Ill.App.3d 335, 292 N.E.2d 161). Equitable considerations are particularly appropriate in such instances where the litigant appears *pro se* (*Bandyk v. Beringer*, 31 Ill. App.3d 262, 333, N.E.2d 227). Modern cases require only that a just result be achieved and that it is reasonable, under the circumstances, to compel the other party to go to trial on the merits. (*Patrick v. Burgess-Norton Manufacturing Co.* (1975), 25 Ill.App.3d 1083, 324 N.E.2d 196.) We fail to see how defendant would suffer prejudice or hardship because of the trial court's vacature. See *Goebel v. Benefit Trust Life Insurance Co.* (1967), 88 Ill.App.2d 19, 27, 232 N.E.2d 211; *Wood v. Johnson* (1970), 130 Ill.App.2d 552, 264 N.E.2d 260.

Defendant also contends that the affidavit was insufficient in that the matters alleged were not upon the personal knowledge of the affiant-attorney. A section 72 petition supported only by an affidavit of an attorney-affiant on pure hearsay renders the petition inadequate and insufficient (*Amerco Field Office v. Onoforio* (1974), 22 Ill.App.3d 989, 317 N.E.2d 596). However, unlike *Amerco*, the affidavit was not pure hearsay but did set forth facts within affiant's personal knowledge, in particular, his prior refusal to represent plaintiff and his unsuccessful efforts to contact her as to the progress of the case. Therefore, defendant's contention must fail.

We conclude that the affidavit herein did not totally fail to state a cause of action under section 72. On the contrary, the allegations were sufficient to show an excusable misunderstanding by plaintiff as to her representation by an attorney which resulted in the order of dismissal. A reasonable excuse for not having appeared was therein presented (*Kimbrough v. Sullivan* (1971), 131 Ill.App.2d 313, 266 N.E.2d 717), and therefore, the trial court did not abuse its discretion in vacating the dismissal. See *Marks v. Gordon Burke Steel Co.* (1973), 14 Ill.App.3d 191,193, 301 N.E. 2d 835; *Taylor v. City of Chicago* (1975), 28 Ill.App.3d 962, 329 N.E.2d 506.

For the reasons stated, the order of the trial court vacating the order of dismissal and setting the cause for trial is affirmed.

Affirmed.

McGLOON, P. J., and DEMPSEY, J., concur.