ANIEA FLEMING, a Minor, by Gloria Fleming, her Mother and Next Friend, Plaintiff-Appellant, v. DWIGHT S. WALLS, et al., Defendants-Appellees.

First District (1st Division)   No. 77-1263

Opinion filed October 23, 1978.

Alan Kawitt, of Chicago, for appellant.

Gary H. Palm, of Mandel Legal Aid Clinic, of Chicago, for appellee Tonny C. Walls.

Mr. JUSTICE O'CONNOR delivered the opinion of the court:

Plaintiff, Aniea Fleming, appeals from an order of the circuit court of Cook County which set aside a judgment in her favor and against defendants, Dwight S. Walls and Tonny C. Walls, on the petition of defendant Tonny C. Walls pursuant to section 72 of the Civil Practice Act. (Ill. Rev. Stat. 1975, ch. 110, par. 72.) Plaintiff argues that the order must be vacated and the judgment reinstated because (1) defendant failed to comply with the procedural prerequisites to the granting of a section 72 petition and (2) defendant has not shown that he has a meritorious defense.

Plaintiff's complaint alleged that she was injured when struck by an automobile owned by defendant Tonny C. Walls and driven by defendant Dwight S. Walls and that her injury was the proximate result of the negligence of defendants. Defendant Tonny C. Walls filed a verified answer to the complaint on July 23, 1976. Plaintiff moved that the answer be stricken for failure of defendant to pay his appearance fee. The court granted the motion and entered a default judgment against defendant Tonny C. Walls on August 11, 1976. Judgment for plaintiff was granted and damages were awarded in the sum of $4,500 against both defendants on January 28, 1977, *nunc pro tunc* as of October 7, 1976.

Defendant Tonny C. Walls filed two section 72 petitions in this action.

The first petition was served by certified mail on plaintiff, her mother and her attorney. It was later withdrawn. A second petition was filed, with a sheriff's return showing service on plaintiff on June 2, 1977, through leaving a copy of the petition with plaintiff's mother, Gloria Fleming, at plaintiff's home, and explaining the contents thereof to the mother.

The petition, supported by the affidavit of defendant Tonny C. Walls, stated that Tonny C. Walls had filed an answer by the due date; that he had mailed a money order for the $11 appearance fee to the clerk's office before the due date; that the appearance fee was returned to him by the clerk because he had failed to indicate on it his case number; and that he had immediately written the case number on the money order and mailed it back to the clerk, but that evidently the payment was not recorded. Defendant further stated that he had no notice of the motion to strike his answer, granted on August 11, 1976, nor was he given notice of any proceeding on October 7, 1976, or January 28, 1977. Defendant stated that he first learned that a judgment had been entered against him on March 30, 1977, when he received notice from the Illinois Secretary of State that his driver's license and registration plates were to be surrendered by him because of the unsatisfied judgment, and that he immediately consulted an attorney. Defendant Tonny C. Walls stated that he had two meritorious defenses:

> "(a) Plaintiff ran out into the street suddenly from between two parked cars without checking to see if any traffic was approaching. Such behavior shows Plaintiff was not at all times in the exercise of due care and caution for her own safety commensurate with a child of the age of nine years, considering her intelligence, capacity and experience.
>
> (b) The driver of the car, Dwight C. Walls, was driving at a safe and reasonable speed within the speed limits and maintaining a proper lookout at the time of the collision. Defendant Dwight C. Walls immediately braked the car when he first saw the Plaintiff but Plaintiff was too close to the car for the collision to be avoided. Both Defendants were exercising due care and caution at all times with respect to the events surrounding the collision."

Defendant's supplemental affidavit, attached to the petition, states that he first saw a copy of the notice of motion to strike his appearance and answer when his attorney showed it to him on May 5, 1977. On the same date he first saw a copy of the judgment entered against him *nunc pro tunc* as of October 7, 1976. Also attached to the petition was a copy of a verified answer, time-stamped by the clerk of the circuit court of Cook County on July 23, 1976.

Plaintiff filed an answer to the petition, in which she asserted that

notice of her motion to strike Tonny C. Walls' appearance was sent to both defendants, that the defenses alleged by defendant are insufficient, and that service of the section 72 petition was defective because it was mailed only by certified mail and without proof of service attached.

A hearing on the motion was held on June 13, 1977, and the court vacated the judgment of October 7, 1976, and gave leave to defendant Tonny C. Walls to answer or otherwise plead. Plaintiff's subsequent motion for rehearing was denied.

■■ A petition filed under section 72 "invokes the equitable powers of the court, as justice and fairness require, to the end that one may not enforce a default judgment attended by unfair, unjust or unconscionable circumstances." (*Elfman v. Evanston Bus Co.* (1963), 27 Ill. 2d 609, 613, 190 N.E.2d 348, 350.) To reopen a default judgment under this section, the defendant must show due diligence and the existence of a meritorious defense to the claim on which the judgment was based. *Morris v. Smith* (1975), 29 Ill. App. 3d 39, 328 N.E.2d 901.

Plaintiff here does not contest the due diligence of defendant Tonny C. Walls in presenting his petition. It is argued that the court should not have granted the petition because it was served on plaintiff by certified mail, rather than by registered mail as required by Supreme Court Rules 105 and 106 (58 Ill. 2d Rules 105 and 106) and because defendant's defenses are insufficient.

Plaintiff's first argument is without merit because the record reflects that she was personally served with the second petition and notice by the sheriff on June 2, 1977. This fully complied with the requirements of Rules 105 and 106.

■■ Even if service had been defective, this argument was waived by plaintiff by her failure to appear specially to object to the jurisdiction of the court. Plaintiff's answer to the petition raised other grounds in addition to a claimed improper service and was not for the sole purpose of objecting to jurisdiction. It thus constituted a general appearance (Ill. Rev. Stat. 1977, ch. 110, par. 20(1)) and the issue of alleged improper service was therefore waived. (*Lord v. Hubert* (1957), 12 Ill. 2d 83, 145 N.E.2d 77.) Plaintiff's reliance on *Grover v. Franks* (1975), 27 Ill. App. 3d 900, 327 N.E.2d 71, is misplaced because the defendant therein did appear specially to contest jurisdiction.

Plaintiff argues that the allegations of the defenses by defendant are not specific enough to support his petition. In *Mutual National Bank v. Kedzierski* (1968), 92 Ill. App. 2d 456, 236 N.E.2d 336, the bank's only allegation was that it had "a meritorious defense," and this was held to be clearly insufficient. We have set forth the alleged defenses of this defendant above and are of the opinion that the defenses were

sufficiently factual and specifically pleaded. *Rutschman v. Trybula* (1976), 38 Ill. App. 3d 298, 346 N.E.2d 34, cited by plaintiff, has no relevance to this issue.

Plaintiff argues that the first defense is insufficient as a matter of law because a child under the age of 13 years is "conclusively presumed to be free from contributory negligence," citing *McWethy v. Lee* (1971), 1 Ill. App. 3d 80, 272 N.E.2d 663. That case does hold that a presumption exists, but does not hold that it is conclusive and irrebuttable. This court has held that the presumption is rebuttable for 9-year-old children. (*Piechalak v. Liberty Trucking Co.* (1965), 58 Ill. App. 2d 289, 208 N.E.2d 379; *Shaver v. Berrill* (1976), 45 Ill. App. 3d 906, 358 N.E.2d 290.) Therefore, defendant's first defense is legally sufficient, if proven.

■■ ■ Similarly, plaintiff's argument that defendant's second defense is insufficient is not well founded. Plaintiff has cited section 11—1003.1 of the Illinois Vehicle Code (Ill. Rev. Stat. 1977, ch. 95½, par. 11—1003.1) as conclusively rebutting defendant's claim of due care and keeping a proper lookout. That statute imposes no absolute liability on a defendant for striking a pedestrian or child; the issue of the defendant's negligence remains a jury question. (*Figarelli v. Ihde* (1976), 39 Ill. App. 3d 1023, 351 N.E.2d 624.) This defense, also, is legally sufficient to support a verdict for defendants, if proven.

In this case, we believe ' that the trial court properly exercised its discretion in setting aside the default judgment against this defendant, who, while apparently acting *pro se*, did not have his appearance fee properly recorded by the clerk as having been paid after his answer was filed. (See *Windmon v. Banks* (1975), 31 Ill. App. 3d 870, 335 N.E.2d 116.) Under these facts, the court did not abuse his discretion in vacating the judgment against defendant Tonny C. Walls and the order, insofar as it did so, is affirmed.

Plaintiff complains that she was prejudiced because her attorney's answer to the petition was directed to the first petition, not the second which was the one granted by the court. But the record reflects that plaintiff was served with the second petition on June 2, 1977, 11 days before the hearing. Furthermore, the second petition differs from the first only in omitting one defense (lack of agency between defendant Tonny C. Walls and the driver, defendant Dwight S. Walls) and in stating more specifically the defenses of due care by defendants and contributory negligence of the plaintiff. We cannot see any prejudice suffered by the plaintiff; in fact, her arguments on appeal are the same as those specified in her answer to the first petition.

■■ Although not raised by plaintiff, the vacation of the judgment against defendant Dwight S. Walls was in error, because he never appeared or otherwise took part in any of the proceedings on the petition.

(*Chmielewski v. Marich* (1954), 2 Ill. 2d 568, 119 N.E.2d 247.) Therefore, the order of June 13, 1977, is modified by adding the words "as to defendant Tonny C. Walls only" immediately following the words "1. That judgment of 10/7/76 be vacated."

Judgment affirmed as modified.

McGLOON and BUCKLEY, JJ., concur.