(Nos. 37533, 37537, Cons.—

ANNA L. PHELPS, Admx., Appellee, *vs.* ELGIN, JOLIET AND EASTERN RAILWAY COMPANY.—(WILLIAM O. ARNOLD *et al.,* Appellants.)

*Opinion filed May 29, 1963.*

L. Louis Karton, of Chicago, for appellants.

William H. De Parcq and Edmund C. Maurer, of Chicago, (Charles Alan Wright, of Austin, Texas, of counsel,) for appellee.

Mr. Justice Schaefer delivered the opinion of the court:

This case is here upon leave granted to appeal from a judgment of the Appellate Court, First District. (37 Ill. App. 2d 46.) It is also here upon an appeal as of right from the same judgment of the Appellate Court upon the asserted ground that a constitutional question arose for the first time in that court. (Ill. Rev. Stat. 1961, chap. 110, par. 74(3).) After hearing argument in the case, and upon further consideration, we have concluded that leave to appeal was improvidently granted because the judgment of the Appellate Court was not final, and that no constitutional question, in the jurisdictional sense, is present.

On the merits the controversy concerns an attorney's lien. Anna L. Phelps, as special administratrix of the estate of her deceased husband, Paul A. Phelps, by William H. De Parcq, her attorney, brought this action under the Federal Employers' Liability Act against Elgin, Joliet and Eastern Railway Company, to recover damages for the death of her husband. The case was settled for $100,000. Thereafter the plaintiff filed a petition which alleged these matters and stated that the defendant was willing to pay the sum of $100,000 and the plaintiff was willing to accept that sum in full settlement. The petition also alleged, upon information and belief, that the respondents, Arnold, Peterson, Bogucki and Bickley, attorneys, had served a notice of attorney's lien upon the railroad and

claimed a lien upon the proceeds of the settlement, and that until this claim was adjudicated the settlement could not be consummated. The petition denied the existence of any lien for attorney's fees, denied the validity or existence of any claim by the respondent attorneys for any alleged services in connection with the claim and cause of action arising out of the death of her husband, and denied that the plaintiff, either as administratrix or individually, or the railway company, were in any way obligated to pay any money to the respondents.

The respondents' answer to the petition neither admitted nor denied the allegations of the petition as to the institution of the action and the settlement, but asserted that the settlement could be consummated regardless of the respondents' claim by depositing with the clerk of the court an amount sufficient to satisfy that claim. It stated that the plaintiff's denials of the existence and validity of the lien were false and untrue. "Further answering," it alleged that Anna L. Phelps had agreed in writing to employ William O. Arnold, a member of the law firm composed of the respondents, to prosecute her claim and agreed to pay him one-third of any amount recovered, and that notice of attorneys' lien was served on the defendant railway company personally and by certified mail. The answer further alleged that the agreement was fairly entered into; that respondents proceeded promptly to investigate the matter and have been ready, willing and able to perform their agreement with the plaintiff, but have been prevented from doing so by the plaintiff, who employed other attorneys to represent her. The answer prayed that judgment be entered for the respondents in the sum of $33,333.33.

The plaintiff moved to strike the answer on the ground that the contract of employment relied on by the respondents was not signed by the personal representative of the estate of Paul A. Phelps, deceased, and was therefore void under the Federal Employers' Liability Act. The motion to

strike was sustained and judgment was entered denying the respondents' claim.

On respondents' appeal, the Appellate Court relied on the opinion of this court in *Globe Accident Insurance Co.* v. *Gerisch,* 163 Ill. 625, and unanimously held that the appointment of the plaintiff as administratrix of her husband's estate related back to the date of his death, and so validated her employment of the respondents. A majority of the court then stated: "Enforcing the attorney's lien will not enlarge the total attorneys' fees paid. Rather, the fee will be divided among the two sets of attorneys according to the effort expended by each in obtaining the settlement." The majority opinion concluded: "The trial court should hear evidence concerning the services rendered by each set of attorneys and allocate the fee accordingly.

"Reversed and remanded with directions.

"Reversed and remanded."

The mandate of the Appellate Court followed the latter of the two inconsistent orders with which the opinion concluded. It stated: "Therefore, it is considered by the Court that * * * the judgment of the Circuit Court of Cook County in this behalf rendered, be reversed, annulled, set aside, and wholly for nothing esteemed and that this cause be remanded to the Circuit Court of Cook County for such other and further proceedings as to law and justice shall appertain."

The mandate was correct, for the case was not ripe for remand with the directions stated in the body of the majority opinion. The plaintiff's petition smacks of interpleader, for it alleged the existence of a fund in the hands of the railway company to which rival claims were asserted. (*Cf. Fuerst* v. *Noell,* 156 F.2d (8th cir.) 257.) Respondents' answer, which asserted their attorneys' lien and sought the entry of a judgment enforcing it, was actually a counterclaim although it was not labeled as such. The plaintiff's motion to strike challenged the legal sufficiency of the as-

serted lien. Had that motion been denied by the trial court, the plaintiff would have been entitled to reply unless she elected to stand by her motion. Her reply could have denied the respondents' allegation that their agreement with the plaintiff was fairly entered into, denied the allegation that they performed as required by their undertaking, or asserted other factual defenses to the respondents' claim. Her right to assert these defenses has not been lost because the trial court sustained her motion to strike and it was the Appellate Court that denied it. *Cf. People for use of Bothman* v. *Brown,* 272 Ill. 146.

The authority of this court to review judgments of the Appellate Court upon leave to appeal extends only to judgments that are final or are made final in the manner provided by statute. (Ill. Rev. Stat. 1961, chap. 110, par. 75; *Morris* v. *Beatty,* 390 Ill. 568.) Upon its face the judgment before us does not purport to be final. Such a mandate as was filed in this case does not present a final judgment that will support the jurisdiction of this court upon leave to appeal. (*People ex rel. City Council of Chicago* v. *Board of Education,* 275 Ill. 195; *People for use of Bothman* v. *Brown,* 272 Ill. 146; *Partridge* v. *Stevens,* 187 Ill. 383.) It follows that leave to appeal was improvidently granted, and that the petition for leave to appeal must be dismissed.

The respondents have also appealed as of right from the judgment of the Appellate Court on the ground that the decision of that court impaired the obligation of their contract with the plaintiff, and that a question involving a construction of the constitution thus arose for the first time in that court. (Const. art. VI, sec. 11.) "Where no constitutional question is raised in the trial court but one is passed upon for the first time by the Appellate Court, the judgment may rightfully be reviewed in this court by writ of error. (*Bagdonas* v. *Liberty Land and Investment Co.* 309 Ill. 103; *Brown* v. *Kienstra,* 337 id. 641.) Where a constitutional question is involved, it is immaterial whether the Ap-

pellate Court's orders are interlocutory. (*Hallberg* v. *Goldblatt Bros., Inc.* 363 Ill. 25.)" *Cuneo v. City of Chicago,* 372 Ill. 473, 476.

In this case, however, no construction of the constitution has been involved at any stage. At most, there has been a construction of the contract between the plaintiff and the respondents. The constitutional prohibition against any "law" impairing the obligation of contract is "directed against the law-making power,—the legislative department of the government. It is not applicable to the decisions of the courts in the construction of contracts, or the application of general principles of law to contract relations or obligations." *Thomson* v. *Thomson,* 293 Ill. 584, 588; see also *New Orleans Waterworks Co.* v. *Louisiana Sugar Refining Co.* 125 U.S. 18, 31 L. ed. 607.) The appeal must therefore also be dismissed.

> *Petition for leave to appeal dismissed;*
> *appeal dismissed.*