DENNIS JOHNSON, a Minor, Plaintiff, *v.* GILBERT LONG *et al.*, Defendants.

---

DANIEL UNGER, Petitioner-Appellee, *v.* ROBERT EMMETT LEE, Respondent-Appellant.

(No. 57077;

First District (4th Division)—September 26, 1973.

*Rehearing denied December 5, 1973.*

Robert Emmett Lee, *pro se.*

Sidney Z. Karasik, of Chicago, for appellee.

Mr. JUSTICE ADESKO delivered the opinion of the court:

On November 21, 1966, a child nine years of age, was injured. On November 25, 1966, Marjorie Johnson, the child's mother consulted attorney David Unger and signed a contingency contract with him for a 25 per cent fee. On November 27, 1966, attorney Robert Emmett Lee came to Mrs. Johnson's home having learned that she needed a lawyer. She told him that she had retained a lawyer, but Lee advised her she could change attorneys if she wished. Mrs. Johnson discharged Unger and signed a contingency fee contract for one-third fee. Lee then took over prosecution of the case until June, 1970, when a disagreement developed between Mrs. Johnson and Lee and she then asked Mr. Unger to represent her and wrote a letter discharging Mr. Lee.

On August 31, 1970, Unger filed a motion for substitution of attorneys. After a hearing of said motion on November 12, 1970, Judge Bua found that Lee was wrongfully discharged and was entitled to fees of 25 per cent of the recovery to be had. At this time Lee had obtained a $5000 offer of settlement. An interlocutory order was entered at this time granting. the motion for substitution and giving both Lee and Unger 25 per cent fee rights, but on December 11, 1970, Judge Bua vacated said order of November 12, 1970 and left the matter of fees for the trial judge's determination.

Thereafter attorney Unger took over prosecution of the case again. The case was assigned to Judge Thomas H. Fitzgerald and after four days the case was settled for $23,500. The question of attorneys' fees was determined after a hearing in which Judge Fitzgerald heard testimony of Mrs. Johnson and both attorneys. On December 1, 1971, the trial judge awarded Mr. Unger $4,550.00 and Mr. Lee $2,500. Each attorney was reimbursed for his expenses.

On appeal, attorney Lee contends that the trial court improperly vacated the order of November 12, 1970, which determined attorneys' fees.

■■ After careful consideration of attorney Lee's brief and argument, his reply brief and oral argument before this court, we affirm the trial court's order of December, 1, 1971. The cases submitted have no application to the basic question here involved. Where an attorney enters a case knowing of the contractual rights of a previously retained attorney

and that the rights of a minor are involved, it is against public policy to allow the second attorney to enforce his fee contract fully and especially when he was not the attorney who achieved the settlement.

Many jurisdictions have followed a general rule, even when the rights of minors are not involved, that in the absence of a statute to the contrary, the equitable solution in a situation where more than one attorney has been retained to prosecute a case on a contingent fee basis, is that the wrongfully discharged attorney prevented from completing his contract, is entitled to a fee based upon the reasonable value of his services performed until the time of his discharge. In 136 A.L.R. 231, 254, it is stated:

> "There is an increasing tendency to hold that an attorney employed on a contingent fee contract who is discharged without fault on his part is not, as a general rule, entitled to recover on the contract, but may recover merely on a quantum meruit for the reasonable value of the services rendered."

The policy behind such a rule was well recognized by the California Supreme Court in *Fracasse v. Brent* (1972), 100 Cal. Rptr. 385, 494 P.2d 9, at 13-15:

> "The right to discharge is of little value if the client must risk paying the full contract price for services not rendered upon a determination by a court that the discharge was without legal cause. The client may frequently be forced to choose between continuing the employment of an attorney in whom he has lost faith, or risking the payment of double contingent fees equal to the greater portion of any amount eventually recovered. * * *
> The uncertain position of the client in such circumstances is illustrated by the record in the present case where the trial court found the discharge was without cause and this court has made a contrary finding and concluded the discharge was justified. Unless a rule is adopted allowing an attorney as full compensation the reasonable value of services rendered to the time of discharge, clients will often feel required to continue in their service attorneys in whose integrity, judgment or capacity they have lost confidence.
>
>      *    *    *
>
> In short, we find no injustice in a rule awarding a discharged attorney the reasonable value of the services he has rendered up to the time of discharge. In doing so, we preserve the client's right to discharge his attorney without undue restriction, and yet acknowledge the attorney's right to fair compensation for work performed."

The trial court awarded a reasonable fee to attorney Lee for his services. Until his discharge in July 1970, attorney Lee performed services which resulted in an offer of $5,000 in settlement. Attorney Unger achieved a settlement of $23,500. It is fair and equitable for attorney Unger's fee to be greater.

■■ Attorney Lee argues that Judge Bua had completely adjudicated the fee rights of the parties on November 12, 1970. Judge Bua vacated this order on December 11, 1970. Ultimate disposition of fees should be made when a case is finally disposed of.

Attorney Lee finally claims that he is entitled to fees pursuant to section 41 of the Illinois Civil Practice Act (Ill. Rev. Stat. 1971, ch. 110, sec. 41) for the reasons that attorney Unger's petition for fees was filed in bad faith, and that he misrepresented to the court that attorney Lee's actions had been harmful to the minor child. We cannot consider this issue raised for the first time on appeal. There was no petition to recover fees under section 41 filed in the trial court within 30 days after the entry of judgment. We find no basis in the record that attorney Unger's representation to the trial court was false.

The judgment of the Circuit Court of Cook County is affirmed.

Judgment affirmed.

BURMAN, P. J., and DIERINGER, J., concur.