ON PETITION FOR REHEARING
PER CURIAM.
Following the release of our original opinion, 289 So.2d 12, both sides requested *698 additional time to file petition for rehearing and a reply thereto.
In the various papers filed, the appellee has called our attention to the recent opinion by the Supreme Court of Florida in Gilliam v. Stewart, Fla.1974, 291 So.2d 593 wherein the Supreme Court pointed out that a District Court of Appeal, should not overrule previous decisions of the Supreme Court, but should follow the law established by the Supreme Court and, if it differed with such established law, it should make its views known and certify the case to the Supreme Court and, therefore, because of Gilliam v. Stewart, supra, we should affirm the final judgment under review and certify the matter to the Supreme Court to consider the views expressed in the original opinion.
If the Supreme Court had clearly established the applicable principles of law pertaining to the rights and responsibilities of the parties when a client discharged an attorney who had been employed under a contingent fee agreement, we would certainly agree with the appellee and would recede from our earlier opinion, affirm the final judgment, and certify the matter in accordance with the procedure outlined in Gilliam v. Stewart, supra. However, the principle case relied on by the appellee in his petition for rehearing to indicate that the Supreme Court had established the law as to contingent fee agreements is Goodkind v. Wolkowsky, 132 Fla. 63, 180 So. 538. However, upon a reading of Good-kind v. Wolkowsky, supra, it is clear that the contract involved was for a fixed fee.
Therefore, having reviewed the authorities set forth in the petition for rehearing and the more recent authorities that have appeared since our original opinion [see: Johnson v. Long, 1973, 15 Ill.App.3d 506, 305 N.E.2d 30; see, also the recent opinion of the Appellate Division of the New Jersey Superior Court, upholding a court rule fixing the maximum fee permitted on a contingent fee agreement in American Trial Lawyers Ass’n v. New Jersey Supreme Court, 126 N.J.Super. 577, 316 A.2d 19, Opinion filed February 14, 1974] the court adheres to its original opinion and its original determination to certify this matter to the Supreme Court of Florida.
Therefore, the petition for rehearing is hereby denied.