*In re* ESTATE OF KATHLEEN MURPHY, Deceased.—(HORWITZ, ANESI, OZMON & ASSOCIATES, LTD., Appellant; DUNN AND THEIS, Appellee.)

First District (2nd Division)   No. 77-367

Opinion filed January 10, 1978.

Horwitz, Anesi, Ozmon & Associates, Ltd., of Chicago (Ronald Wachtel, of counsel), for appellant, *pro se.*

Dunn and Theis, of Oak Lawn (E. V. Theis, of counsel), for appellee, *pro se.*

Mr. JUSTICE STAMOS delivered the opinion of the court:

This appeal arises from (1) an order entered by the circuit court of Cook County awarding $1,000 in attorneys fees to the law firm of Dunn and Theis for its preparation and filing of a wrongful death action on behalf of Edward Murphy, administrator of the estate of Kathleen Murphy, deceased, and (2) a subsequent order entered by the circuit court, denying a motion for rehearing on the matter of attorneys fees and refusing to vacate the order in which attorneys fees were awarded. The second order of the circuit court stated that there was no just reason to delay its enforcement or appeal.

The law firm of Dunn and Theis was retained to prepare and file a wrongful death action on behalf of Edward Murphy, administrator of the

estate of Kathleen Murphy, deceased. Dunn and Theis deposed witnesses, attended coroner's hearings and filed an action for wrongful death. In so doing, the law firm allegedly rendered 90 hours of professional service.

Subsequent to filing the action for wrongful death, but prior to trial, Dunn and Theis received a settlement offer in the amount of $4,000. This offer was rejected by the administrator, Edward Murphy. At this point in time, the law firm of Horwitz, Anesi, Ozmon & Associates, Ltd. was substituted for Dunn and Theis. Horwitz, Anesi, Ozmon & Associates, Ltd. allegedly agreed to protect lien rights of Dunn and Theis with respect to attorneys fees and costs advanced by Dunn and Theis, said costs amounting to a figure in excess of $900.

The wrongful death action was assigned to Judge Cherry, of the circuit court of Cook County, for trial. At a pretrial conference a settlement offer in the amount of $8,500 was made and accepted. Horwitz, Anesi, Ozmon & Associates, Ltd. then submitted a petition to settle cause of action-decedent's estate to the Probate Division of the circuit court, excluding from said petition any attorneys fees to which Dunn and Theis were entitled. The petition did include an itemized attorney's disbursement for Dunn and Theis in the amount of $975.82 encompassing court costs and expenses.

Dunn and Theis then filed a petition for attorneys fees. The petition alleged that Dunn and Theis were entitled to attorneys fees pursuant to a contingent fee contract, the parties to which were Dunn and Theis and the administrator, Edward Murphy. The contingent fee contract, allegedly, was to have entitled Dunn and Theis to 25 percent of any settlement offer obtained on behalf of the administrator. Dunn and Theis did obtain a settlement offer in the amount of $4,000 (which was rejected by the administrator) and, consequently, contend that they are entitled to a fee in the amount of $1,000.

The petition for attorneys fees was assigned to Judge Kogut of the circuit court and Judge Kogut entered an order stating that the firm of Dunn and Theis was entitled to attorneys fees in the amount of $1,000. Judge Kogut also entered an order denying motions, filed by Horwitz, Anesi, Ozmon & Associates, Ltd., for a rehearing and vacation of the award of attorneys fees. It is from the entry of these orders that Horwitz, Anesi, Ozmon & Associates, Ltd. appeal.

Appellant contends that pursuant to Cook County Circuit Court Rule 12.23(g) Judge Kogut had no authority to enter an order awarding attorneys fees to Dunn and Theis. Cook County Circuit Court Rule 12.23(g) provides:

"(g) If an attorney enters into a contingent fee contract with a representative for prosecuting a cause of action * * * for wrongful death, the representative is authorized to pay the

following compensation for legal services: no more than one-fourth of the recovery if the cause of action was settled before trial; no more than one-third of the recovery if the cause was contested and tried in whole or in part before a judge or jury. If an appeal is perfected and the case disposed of by the reviewing court, the judge shall determine the amount to be paid as compensation for legal services, but in no event may it exceed one-half of the recovery. If the cause of action is the sole asset of a decedent's estate, the compensation includes all legal services necessary to effect the settlement of the estate. *The judge who tries the case or presides at settlement negotiations shall determine the value of the legal services rendered.*" (Emphasis added.)

Appellant urges that an appropriate application of the circuit court rule would require Judge Cherry, the judge who presided at the settlement negotiations, to determine the value of legal services rendered by Dunn and Theis. Appellant contends that the award entered by Judge Kogut was entered erroneously and should be reversed.

■■ ■ We agree with appellant's contention that any award of attorneys fees should have been entered by Judge Cherry, the judge who presided at the settlement negotiations. However, we are compelled to find that appellant has waived this contention for purposes of appellate review. Appellant failed to bring to the attention of the circuit court the fact that Judge Kogut, in violation of the circuit court rules, would be ruling upon the Dunn and Theis petition for attorneys fees. Consequently, appellant failed to object in a timely fashion to the wrong committed by the circuit court. It is well established that the party against whom an error has been committed may waive or release such error and may thereby give up his corresponding rights thereunder. Where errors have been released, the fact that the decree is erroneous is immaterial. *McCottrell v. Benson* (1961), 32 Ill. App. 2d 367, 178 N.E.2d 144.

Although the error underlying the award of attorneys fees by Judge Kogut was waived for purposes of appeal, it is clear that the award itself was improperly based upon the existence of a contingent fee contract and must, therefore, be reversed. The petition for attorneys fees filed by Dunn and Theis noted the existence of a contingent fee contract between Dunn and Theis and the administrator, Edward Murphy, pursuant to which Dunn and Theis would be entitled to 25 percent of any settlement offer obtained for the administrator. A settlement offer in the amount of $4,000 was obtained (and eventually rejected by the administrator) and the petition urged that Dunn and Theis was entitled to a $1,000 fee. The $1,000 fee was awarded upon the petition.

■■ Unquestionably, Dunn and Theis is entitled to compensation for professional services rendered in the preparation and filing of the

wrongful death action. However, the contingent fee contract should not have provided the basis for such compensation. When an attorney employed to prosecute a case on a contingent fee basis is discharged, the attorney is entitled to recover on a quantum meruit theory the reasonable value of his services performed until the time of his discharge. (*Johnson v. Long* (1973), 15 Ill. App. 3d 506, 305 N.E.2d 30.) Since the award of attorneys fees was not determined upon a quantum meruit theory said award is erroneous and must be reversed.

For the foregoing reasons, the order entered by the circuit court of Cook County awarding attorneys fees to Dunn and Theis is reversed. The cause is remanded to the circuit court of Cook County with directions to enter an award of attorneys fees based upon a quantum meruit theory.

Reversed and remanded with directions.

DOWNING, P. J., and PERLIN, J., concur.