IRENA H. TOBIAS *et al.*, Plaintiffs, *v.* HAROLD KING, Defendant.— (BERTRAM EMANUEL, Appellant; DOWD, DOWD & DOWD, LTD., Appellees.)

First District (5th Division)   No. 79-900

Opinion filed May 23, 1980.

Charles T. Booher, Jr., of Chicago, for appellant.

Dowd, Dowd & Dowd, Ltd., of Chicago (Joel S. Ostrow, of counsel), for appellees.

Mr. JUSTICE MEJDA delivered the opinion of the court:

This appeal arises from an order awarding Bertram Emanuel attorney's fees on a quantum meruit basis for his representation of plaintiffs in a personal injury action. The fees, as well as Emanuel's costs, had been awarded after a hearing on a petition for adjudication of attorney's lien for fees. The petition was filed by Dowd, Dowd & Dowd, Ltd. (Dowd), the law firm which ultimately represented plaintiffs and settled the case. On appeal, Emanuel contends that: (1) Dowd had no standing before the court because it had not filed an appearance in the case; (2) the trial court should have taken evidence concerning the extent of services rendered by each set of attorneys; and (3) the award of fees to Emanuel was insufficient. We affirm. The facts are as follows.

Emanuel had originally represented plaintiffs in the filing of the complaint. The complaint, filed on November 4, 1974, sought damages of $171,000 for personal injuries and property damage allegedly resulting from an accident caused by defendant's driving. On May 5, 1978, plaintiffs sent a letter to Emanuel informing him of their dissatisfaction with him, discharging his services and instructing him to turn his records over to Dowd. On May 12, plaintiffs entered a motion to substitute attorneys, which was continued to June 16, when a continuance was again ordered. After several other continuances, a discovery deposition was ordered on September 12 and the case was continued to October 17, when it was placed on the trial call. Trial was set for December 12. On October 30, plaintiffs, represented by Dowd, were granted leave to file an amended complaint instanter. The trial court apparently never ruled on the motion to substitute attorneys.

On February 21, 1979, plaintiffs accepted a settlement offer of $47,500 and Dowd presented its petition for adjudication of attorney's lien for fees on March 12. At the hearing on the petition on March 26, Emanuel submitted a record of his time spent on the case. Dowd also submitted a record of its work, although it did not contain an hourly itemization. Emanuel stated that plaintiffs had signed a contingency fee contract with him whereby they agreed to pay him one-third of any award. Dowd and plaintiffs entered into an oral agreement for a one-third contingency fee arrangement. Emanuel had turned his records over

to Dowd, and Dowd had forwarded copies of pleadings to Emanuel. Emanuel had continued to appear in court, he said, because no order had been entered on the motion to substitute attorneys. The court awarded Emanuel fees of $3710 for 106 3/4 hours at the rate of $35 per hour. Emanuel also received $249.43 as costs. In allowing the fees and costs, the trial court noted that it had considered what it believed to be excessive hours in setting the rate for Emanuel's fees. The order was entered and Emanuel appealed.

OPINION

A client may discharge counsel at any time, with or without cause (*Warner v. Basten* (1969), 118 Ill. App. 2d 419, 434-35, 255 N.E.2d 72, 80; *Goldberg v. Perlmutter* (1941), 308 Ill. App. 84, 88, 31 N.E.2d 333, 335), unless there is an agreement to the contrary. (*Atwood v. Curtiss Candy Co.* (1959), 22 Ill. App. 2d 369, 161 N.E.2d 355.) Our supreme court in *Rhoades v. Norfolk & Western Ry. Co.* (1979), 78 Ill. 2d, 217, 228, 399 N.E.2d 969, 974, observed:

> "This rule recognizes that the relationship between an attorney and client is based on trust and that the client must have confidence in his attorney in order to ensure that the relationship will function properly (*Miller v. Solomon* (1964), 49 Ill. App. 2d 156, 167; *Fracasse v. Brent* (1972), 6 Cal. 3d 784, 790, 494 P.2d 9, 13, 100 Cal. Rptr. 385, 389)."

██ Emanuel does not question the validity of the rule but contends instead that the trial court should not have recognized Dowd as plaintiffs' attorney because no order granting the motion to substitute attorneys was ever entered and Dowd did not file an appearance in compliance with Circuit Court of Cook County Rule 1.4(a). We find this argument to be without merit.

Preliminarily, we note that Emanuel continued to attend court after his discharge, yet at no time did he ask the court to rule on the motion to substitute attorneys. Emanuel apparently never objected to Dowd's appearing on behalf of plaintiffs, nor did any of the parties or defendant's attorney.

The implications of Emanuel's argument are clear. If Dowd was not properly before the court, then Emanuel remained the attorney of record, or plaintiffs were without representation. However, once an attorney has been discharged, the court cannot continue to recognize him against the wishes of the former client (*Savich v. Savich* (1957), 12 Ill. 2d 454, 458, 147 N.E.2d 85, 87), and the record itself shows that plaintiffs wanted Dowd to replace Emanuel as their attorney. The letter discharging Emanuel first informed him, and later the court, of plaintiffs' preference. Emanuel turned his records over to Dowd, who proceeded to represent plaintiffs.

Dowd was recognized by the court, which allowed Dowd to file plaintiffs' amended complaint. Dowd was also recognized by defendant and his attorney, who notified Dowd of depositions and other action in the case and who negotiated the settlement of the case with Dowd. Notwithstanding the absence of a ruling on the motion to substitute, it is obvious that the court, as well as all interested parties, considered Dowd the substituted attorney of record, in accordance with plaintiffs' wishes. See *Jonas v. Meyers* (1951), 410 Ill. 213, 101 N.E.2d 509; *cf. People v. Franklin* (1953), 415 Ill. 514, 114 N.E.2d 661 (defense counsel's motion to withdraw stated no grounds and defendant accepted the court's denial of the motion and proceeded to trial, thus giving the court no indication that the attorney of record was not the attorney of his choice).

Moreover, we find no lack of compliance with Circuit Court of Cook County Rule 1.4(a). The rule provides:

> "An attorney shall file his appearance before he addresses the court unless he is presenting a motion to appear by intervention or otherwise."

Rule 1.4 is an exercise of the circuit court's supervisory powers under Supreme Court Rule 21(a) (Ill. Rev. Stat. 1977, ch. 110A, par. 21(a)) and does not specify any sanctions for failure to comply with it. The language of Rule 1.4 in its entirety indicates that the purpose of requiring an attorney to file an appearance is to inform the court and the parties of who is properly representing each party and where that person may be served with notice in compliance with Supreme Court Rule 11 (Ill. Rev. Stat. 1977, ch. 110A, par. 11) and Circuit Court of Cook County Rule 1.1.

■■ Here, the trial court and opposing counsel obtained all necessary information, as reflected in the draft order continuing the motion to substitute. At the very least, Dowd was in strict compliance with Rule 1.4 when plaintiffs' amended complaint was filed. In the interim, Dowd represented plaintiffs, without objection. The case was able to proceed without any apparent objection, inconvenience or confusion on the part of the court and the parties, and without any claim or evidence of prejudice to defendant. Consequently, we conclude that Dowd was properly recognized as the attorney of record.

■■ The sole remaining question is whether the award of fees to Emanuel was correct. We hold that it was. An attorney who is discharged for cause is entitled to a fee based on the reasonable value of his services. *Phelps v. Elgin, Joliet & Eastern Ry. Co.* (1966), 70 Ill. App. 2d 89, 217 N.E.2d 519; see also *Rhoades v. Norfolk & Western Ry. Co.* (1979), 78 Ill. 2d 217, 399 N.E.2d 969; *In re Estate of Murphy* (1978), 56 Ill. App. 3d 1037, 372 N.E.2d 878; *Johnson v. Long* (1973), 15 Ill. App. 3d 506, 305 N.E.2d 30.

Emanuel's reliance on *Fracasse v. Brent* (1972), 6 Cal. 3d 784, 494 P.2d 9, 100 Cal. Rptr. 385, is misplaced. *Fracasse* limited a discharged

attorney's recovery of fees to the reasonable value of his services rather than the full contract fee. *Fracasse* was discussed at length by our supreme court in *Rhoades,* which stated:

> "To require the client to pay the discharged attorney the full contract fees would make the right to discharge even without cause largely meaningless since the client's contractual financial responsibility to the discharged attorney would be unchanged, unless the client could establish cause for discharge." (78 Ill. 2d 217, 229, 399 N.E.2d 969, 974.)

*Rhoades* involved the discharge of an attorney without cause and the holding was limited to the facts of the case. Nevertheless, the court expressed its agreement with the *Fracasse* court's reasoning and indicated an inclination to allow recovery on a quantum meruit basis regardless of the reason for the attorney's discharge. Unlike the attorney in *Rhoades,* Emanuel was discharged due to plaintiffs' dissatisfaction with his handling of the case, which had made little progress in the 3½ years it had been pending. This ground, unchallenged by Emanuel, is similar to the loss of faith in an attorney, which the *Fracasse* court believed sufficient to establish cause for an attorney's discharge.

The determination of attorney's fees lies within the discretion of the trial judge and will be reversed only if that discretion has been clearly abused. (*Welsh v. Welsh* (1976), 38 Ill. App. 3d 35, 39, 347 N.E.2d 512, 516; *Greenbaum v. Greenbaum* (1973), 14 Ill. App. 3d 217, 221, 302 N.E.2d 165, 167.) We find no abuse of discretion here, either in the taking of evidence or the setting of fees allowed.

The trial court considered evidence of the work of both attorneys in making its determination. Although Dowd did not submit an hourly total of its efforts, it did submit a record of its work. It was the trial court which had ordered Emanuel and Dowd to submit their records and it was apparently satisfied with what was presented. Furthermore, Emanuel, not Dowd, was to be limited to a quantum meruit basis and the time records were necessary only as to his award. This is in keeping with *Phelps v. Elgin, Joliet & Eastern Ry. Co.* (1962), 37 Ill. App. 2d 46, 184 N.E.2d 799, *appeal dismissed* (1963), 28 Ill. 2d 275, 191 N.E.2d 241, which merely required the trial court to hear evidence of the services rendered by each set of attorneys and to allocate the fees accordingly. This the trial court did, by reserving one-third of the settlement for fees in accordance with the contingency fee agreement considering the records submitted by the attorneys, determining the reasonable value of Emanuel's services and awarding the balance to Dowd.

Emanuel maintains that the rate of $35 per hour is inadequate. However, he did not attempt to establish the normal criteria used in determining the reasonable value of his services, such as his standing in

the community, the nature of the action and difficulty of the issues, the degree of responsibility involved in managing the case, the usual charge in the community and the benefits resulting to plaintiffs. (See, *e.g., Laff v. Chapman Performance Products, Inc.* (1978), 63 Ill. App. 3d 297, 307, 379 N.E.2d 773, 781; *Slater v. Jacobs* (1977), 56 Ill. App. 3d 636, 638-40, 371 N.E.2d 1054, 1056.) The trial court pointed out that it had taken the number of hours submitted by Emanuel at face value, although it considered some of them excessive, and stated that the number of hours would be more closely scrutinized if the rate were higher. The time records submitted included hours for dates after Emanuel was discharged, when he would normally no longer be entitled to compensation. (See, *e.g., Price v. Seator* (1949), 337 Ill. App. 248, 258, 85 N.E.2d 848, 853.) Emanuel passed up the opportunity to establish the rate for his services, and the court set the rate. Under the circumstances we cannot say that it was an abuse of discretion for the court to do so.

For the foregoing reasons, the order awarding Emanuel attorney's fees of $3710 and costs of $249.43 is affirmed.

Affirmed.

SULLIVAN, P. J., and WILSON, J., concur.