ELLEN GEORGE, Plaintiff and Respondent-Appellee, *v.* CHICAGO TRANSIT AUTHORITY, Defendant.—(ROBERT F. LISCO *et al.*, Petitioners-Appellants.)

First District (1st Division)    No. 81-594

Opinion filed June 28, 1982.

Robert F. Lisco, of Lisco and Field, and Sidney Z. Karasik, both of Chicago (Catherine L. Grahn, of counsel), for appellants.

James A. Stamos and Robert J. Prendergast, both of Stamos & Chapekis, of Chicago, for appellee.

JUSTICE McGLOON delivered the opinion of the court:

Petitioners appeal from a judgment of the circuit court awarding attorney fees. On appeal, petitioners contend (1) they are entitled to a contractual portion of the amount set aside for attorney fees; (2) they were denied an evidentiary hearing; and (3) the award was inadequate and against the manifest weight of the evidence.

We affirm in part, reverse in part, and remand.

Ellen George filed an action against the Chicago Transit Authority (CTA) for damages for injuries sustained in an elevated train accident which occurred on January 9, 1976. She initially retained the law firm in which petitioner Forrest is a partner and signed a contingent fee agreement. Pursuant to a provision in the agreement, petitioner Lisco was retained to act as trial counsel.

On October 22, 1976, George advised Forrest by letter that he was discharged and that she was retaining new counsel. Her new attorney was granted leave to file an appearance on November 8, 1976. On December 10, 1976, the trial court entered an order striking the appearances of petitioners, yet granted Lisco leave to represent George in any appeal or trial regarding the issue of punitive damages. .

An appeal did in fact arise from an order denying the CTA's motion

to dismiss the punitive damage count of the complaint. The appellate court reversed this order and the punitive damage count was stricken. Lisco defended the appeal and also filed a petition for leave to appeal to the Illinois Supreme Court which was denied.

The CTA ultimately settled the case with George on November 20, 1980. $200,000 of the settlement was set aside for attorney fees. On November 24, 1980, George's attorney filed a petition requesting the court to adjudicate the issue of fees due Lisco and Forrest. The trial court determined these fees on a *quantum meruit* basis and awarded petitioners $17,500 in fees and $381.35 in costs.

Petitioners first contend the trial court erred in awarding fees on the basis of *quantum meruit*. They maintain that the continued representation of plaintiff in the appeal and the order of the court permitting them to do so indicate that George did not discharge them. Thus, they contend fees should have been recovered pursuant to the retainer agreement.

■■ However, we find no error in the trial court's awarding fees on a *quantum meruit* basis. The record includes George's letter to petitioners unequivocally discharging them as her attorneys and indicating her desire to retain another firm to represent her. Ellen George clearly had an implied in law right to discharge them at any time with or without cause. (*Rhoades v. Norfolk & Western Ry. Co.* (1979), 78 Ill. 2d 217, 399 N.E.2d 969.) After discharge, petitioners were limited to reasonable fees for services rendered and were not entitled to recover contract or retainer fees from their former client. *Rhoades*; *In re Marriage of Reczek* (1981), 95 Ill. App. 3d 220, 420 N.E.2d 161.

■■ A different conclusion is not warranted by Lisco's representation of George in the prior appeal regarding the issue of punitive damages. In her letter discharging her former attorneys, she clearly indicated her intent to retain a different firm. Additionally, the court struck the appearances of her former attorneys and limited the scope of their representation to one issue only. After the discharge, no new contract for services was executed, and petitioners do not allege the existence of one. Thus it is clear that the original contract was, at the very least, drastically modified and recovery of fees could not be had under its terms. The only available alternative was to award fees on a *quantum meruit* basis for the reasonable value of services performed.

Second, petitioners contend the trial court erred in denying an evidentiary hearing on the competing claims for attorney fees. On December 17, 1980, Lisco requested a hearing in the event the trial court awarded fees on a *quantum meruit* basis. However, the court denied the request because the matter had already been continued and settlement payments were to begin in January 1981. Petitioners contend that by

denying their request for a hearing, the trial court precluded them from presenting evidence on the value and extent of their services.

Petitioners were entitled to fair compensation for the reasonable value of services performed. (*Rhoades v. Norfolk & Western Ry. Co.* (1979), 78 Ill. 2d 217, 399 N.E.2d 969; *Johnson v. Long* (1973), 15 Ill. App. 3d 506, 305 N.E.2d 30.) In determining the reasonable value of professional services, the following factors should have been considered:

> " '* * * the skill and standing of the attorney employed; the nature of the cause and the novelty and difficulty of the questions at issue; the amount and importance of the subject matter; the degree of responsibility involved in the management of the cause; the time and labor required; the usual and customary charge in the community; and the benefits resulting to the client. [Citations.] *Neville v. Davinroy* (1976), 41 Ill. App. 3d 706, 711, 355 N.E.2d 86, 90." *Laff v. Chapman Performance Products, Inc.* (1978), 63 Ill. App. 3d 297, 307, 379 N.E.2d 773, 781.

■■ The record indicates that the trial court considered only some of these factors. In denying an evidentiary hearing, petitioners were precluded from calling witnesses on their behalf and presenting time sheets and other facts upon which to base a reasonable fee. We believe petitioners should have been given a full and fair opportunity to prove the amount of work performed by them in the case.

Finally, we note that petitioners' request for a hearing was made at the most practicable time, namely when it was realized that fees were to be awarded on a *quantum meruit* basis. Moreover, a slight delay in determining this issue would not have jeopardized payments to Ellen George under the settlement agreement. Separate funds were set aside for attorney fees and George's attorney did not object to placing these funds in escrow until a final adjudication on the issue of fees.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed in part, reversed in part, and the cause is remanded for further proceedings on the issue of fees.

*Judgment affirmed in part, reversed in part; cause remanded.*

CAMPBELL, P. J., and O'CONNOR, J., concur.