In the

# United States Court of Appeals
## For the Seventh Circuit

No. 17-2532

BETTY HOLCOMB,

*Plaintiff-Appellee,*

*v.*

FREEDMAN ANSELMO LINDBERG, LLC,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 15 C 1129 — **John Z. Lee**, *Judge.*

ARGUED APRIL 4, 2018 — DECIDED AUGUST 21, 2018

Before WOOD, *Chief Judge*, and BAUER and SYKES, *Circuit Judges*.

SYKES, *Circuit Judge*. When Betty Holcomb ran up a credit-card bill and did not pay, the creditor hired the law firm of Freedman Anselmo Lindberg, LLC ("Freedman"), to collect it. Freedman sued Holcomb on the creditor's behalf in Illinois state court. Holcomb initially appeared pro se but later retained Attorney Andrew Finko to represent her. When Freedman moved for default judgment, however,

Finko had not yet filed a written appearance. So Freedman
served the motion on both Holcomb and Finko.

This lawsuit followed. Holcomb alleges that Freedman
violated § 1692c(a)(2) of the Fair Debt Collection Practices
Act ("FDCPA" or "the Act"), which prohibits a debt collector
from directly contacting a debtor who is represented by
counsel absent "express permission" from "a court of com-
petent jurisdiction." 15 U.S.C. § 1692c(a)(2). On cross-
motions for summary judgment, Freedman argued that an
Illinois court rule gave it "express permission" to serve the
default motion on Holcomb directly. Rule 11 of the Illinois
Supreme Court Rules requires service of court papers on a
party's "attorney of record," if there is one, but "[o]therwise
service shall be made upon the party." ILL. SUP. CT. R. 11(a).
Because Finko had not yet filed a written appearance,
Freedman argued that he was not yet Holcomb's "attorney of
record" for purposes of Rule 11. That, in turn, required
service on Holcomb directly. The district judge rejected this
argument as "hyper-technical" and entered judgment for
Holcomb.

We reverse. Illinois precedent is clear that an attorney be-
comes a party's "attorney of record" for Rule 11 purposes
*only* by filing a written appearance or other pleading with
the court. Finko had done neither, so Rule 11 not only per-
mitted, but required, Freedman to serve the default motion
on Holcomb directly.

## I. Background

The facts are not in dispute. After Betty Holcomb de-
faulted on her credit-card account, Portfolio Recovery Asso-
ciates purchased her debt and hired Freedman Anselmo

Lindberg, LLC, to collect it. On Portfolio Recovery's behalf, Freedman filed a complaint against Holcomb in Cook County Circuit Court on August 4, 2014. Holcomb filed a pro se appearance, but soon after retained Attorney Andrew Finko from the Debtors Legal Clinic, a nonprofit legal services organization that provides legal advice to low-income individuals. On September 16 Finko sent Freedman a letter notifying the law firm that the Debtors Legal Clinic was representing Holcomb. But he did not file a written appearance with the court.

Finko later appeared for Holcomb at two hearings on November 12, 2014, and January 6, 2015. Both times the court entered a form "trial call order," checking a box indicating that "defendant's counsel" was "present before the court." Neither order identified Finko or the Debtors Legal Clinic by name.

On January 8, 2015, Freedman moved for default judgment. Because Finko had not yet filed a written appearance or other pleading with the court, Freedman mailed notice of the motion to both Holcomb and Finko. That precipitated this lawsuit accusing Freedman of violating § 1692c(a)(2) of the FDCPA. That section of the Act prohibits a debt collector from communicating with a consumer about the collection of a debt when it knows the consumer is represented by counsel. But there are several exceptions, one of which is implicated here: the statute prohibits direct contact with a represented debtor "[w]ithout … the express permission of a court of competent jurisdiction." § 1692c(a)(2). Stated positively, the FDCPA *permits* direct contact with a represented debtor *if* a court of competent jurisdiction authorizes the contact.

The case proceeded to cross-motions for summary judgment, and Freedman invoked this safe harbor. The law firm pointed to Rule 11 of the Illinois Supreme Court Rules, which governs service of court papers subsequent to the summons and complaint. The rule requires service on the "attorney of record," if there is one, but "[o]therwise" requires service on the party directly. Freedman argued that because Finko had not yet filed a written appearance at the time of the default motion, he was not Holcomb's "attorney of record" within the meaning of Rule 11. On this understanding of the rule, Freedman had no choice but to send the default motion to Holcomb. In other words, Rule 11 gave Freedman "express permission" to serve Holcomb directly.

The judge rejected this reading of Rule 11, calling it "hyper-technical." He concluded instead that Illinois trial judges have discretion to recognize a lawyer as a party's attorney of record in the absence of a written appearance, and indeed the state court had done so by checking the box on the call orders showing that "defendant's counsel" was "present before the court" at the November 12 and January 6 hearings. On this reading of Illinois law, the judge held that Freedman violated § 1692c(a)(2) and entered judgment for Holcomb.

## II. Discussion

The case was resolved on cross-motions for summary judgment, so our review is de novo and we construe the record in the light most favorable to the losing party—here, Freedman. *Kemp v. Liebel*, 877 F.3d 346, 350 (7th Cir. 2017). Holcomb's claim rests on § 1692c(a)(2) of the FDCPA, which provides in relevant part: "Without … the express permission of a court of competent jurisdiction, a debt collector

may not communicate with a consumer in connection with the collection of any debt … if the debt collector knows the consumer is represented by an attorney with respect to such debt … ." 15 U.S.C. § 1692c(a), (a)(2). As the opening phrase of the statute makes clear, a debt collector *may* communicate with a represented debtor if a court of competent jurisdiction has given "express permission."

Freedman reprises its argument that Rule 11 of the Illinois Supreme Court Rules gave it "express" judicial "permission" to serve the default motion directly on Holcomb. As we've noted, the rule sets forth the proper manner of serving court documents subsequent to the summons and complaint. It provides: "If a party is represented by an attorney of record, service shall be made upon the attorney. Otherwise service *shall be* made upon the party." ILL. SUP. CT. R. 11(a) (emphasis added).

In *Thomas v. Law Firm of Simpson & Cybak*, 392 F.3d 914, 920 (7th Cir. 2004), we suggested in dicta that "[c]ourt rules permitting service could be interpreted as granting … express permission" under § 1692c(a). Today we make that holding explicit.

Everyone agrees that the Illinois circuit courts are "courts of competent jurisdiction." And Holcomb wisely doesn't argue that a state-court procedural rule can *never* constitute "express permission" under § 1692c(a)(2). A court rule expressly *requiring* a certain action obviously *permits* that action, so a rule requiring service directly on a party expressly permits such service.

So did Rule 11 of the Illinois Supreme Court Rules actually require Freedman to serve Holcomb directly? That de-

pends on whether Finko was her "attorney of record" when Freedman filed the default motion. Freedman maintains that he was not because he had yet to file a written appearance or other pleading with the court. Holcomb counters that Finko became the attorney of record when he appeared for her at two hearings and the state court issued orders indicating that counsel for the defendant was present. Holcomb's argument thus proposes a kind of sliding-scale approach in which status as an attorney of record for Rule 11 purposes depends on the lawyer's degree of participation in the case.

That approach cannot be reconciled with Illinois precedent, which adopts a bright-line rule: a lawyer can become an attorney of record within the meaning of Rule 11 *only* by filing a written appearance or other pleading with the court. *Jayko v. Fraczek*, 966 N.E.2d 1121, 1135 (Ill. App. Ct. 2012) ("The clear language of [Rule 11(a)] and cases [that] apply it … indicate that one becomes an attorney 'of record' in a case by filing an appearance or other pleading with the court."). A lawyer does *not* become an attorney of record simply by representing a party. *Id.*

Illinois courts have consistently applied this rule. For example, in *J.P. Morgan Mortgage Acquisition Corp. v. Straus*, 980 N.E.2d 702, 707–08 (Ill. App. Ct. 2012), the Illinois Appellate Court held that Rule 11 required the plaintiff to serve the defendant instead of the defendant's lawyer because he was not the attorney of record. The plaintiff was aware that the lawyer was representing the defendant but that didn't matter. He was not the attorney of record under Rule 11 because he had not properly filed a written appearance with the court.

Another example is *Windmon v. Banks*, 335 N.E.2d 116 (Ill. App. Ct. 1975). There a lawyer represented a plaintiff at her deposition and gave opposing counsel a copy of a notice of appearance with the assurance that he would file it. *Id.* at 118. But he never did file the notice of appearance, and he later maintained that he did not agree to represent the plaintiff in the matter. *Id.* The court held that he was not the attorney of record under Rule 11. *Id.* at 120.

Additional evidence of this bright-line approach can be found in *Firkus v. Firkus*, 558 N.E.2d 554 (Ill. App. Ct. 1990). That case holds that after filing a written appearance, a lawyer remains the attorney of record within the meaning of Rule 11 until he formally withdraws his appearance. *Id.* at 558.

As these cases show, a lawyer is deemed an attorney of record for Rule 11 purposes *only* upon the filing of a written appearance or other pleading with the court. Representing a party in litigation or even notifying opposing counsel of an intent to file a written appearance is not enough. To acquire the status as attorney of record for purposes of Rule 11 requires a written appearance or other pleading filed in court. Period.

So Finko did not become Holcomb's attorney of record simply by appearing in court on her behalf or by notifying Freedman that he was representing her. Nor did he become attorney of record when the state court noted in the November 12 and January 6 call orders that "defendant's attorney" was "present in court."

Holcombs insists that Illinois trial courts have the discretion to recognize a lawyer as the attorney of record without a

written appearance or pleading. But the cases she cites in support of this position all dealt with circumstances outside the Rule 11 context. In *Tobias v. King*, 406 N.E.2d 101, 102 (Ill. App. Ct. 1980), the Illinois Appellate Court considered whether a law firm could petition for attorney's fees despite its failure to file a written appearance. The court held that it could because the trial court had "properly recognized [it] as the attorney of record." *Id.* at 104. In *People v. Buster*, 222 N.E.2d 31, 32–33 (Ill. App. Ct. 1966), an attorney representing a criminal defendant failed to appear on the trial date, and the court found him guilty of criminal contempt. The lawyer argued that he had no obligation to appear because he never filed a written appearance and was therefore not the attorney of record. *Id.* at 34. The Illinois Appellate Court rejected this attempt to evade his professional duties to his client and the court, reasoning that the lawyer's "course of conduct … [could] be equated to his filing an appearance on behalf of the defendant" for purposes of establishing his duty to appear at trial. *Id.* at 34–35.

*Tobias* establishes only that a lawyer can obtain an award of fees without having filed a written appearance. *Buster* stands for the unremarkable proposition that an attorney's failure to file a written appearance does not absolve him of duties he otherwise owes to his client and the court. Neither case undermines the clear rule—established in cases like *Jayko*, *Straus*, and *Windmon*, and confirmed by implication in *Firkus*—that filing a written appearance or other pleading in court is a necessary prerequisite for status as attorney of record for purposes of the service regime set forth in Rule 11. And this bright-line rule makes good sense in context. Service of pleadings triggers responsive duties and dead-

lines; a contextual analysis would leave too much gray area when certainty and simplicity is needed.[1]

As a fallback, Holcomb makes a preemption argument that verges on frivolous. She suggests that if Rule 11 is understood to require service on a represented party whose attorney has not yet filed a written appearance, it conflicts with § 1692c(a)(2), which prohibits such communication, and is therefore preempted. But § 1692c(a) explicitly allows a debt collector to communicate with a represented debtor if a court of competent jurisdiction permits it to do so. Because the Rule 11 fits comfortably within that exception, it operates in harmony with § 1692c(a).

Holcomb's last argument is that when a lawyer has not yet filed a written appearance, service on the party, as required by Rule 11, can be accomplished by serving the attorney as the party's "agent." That's an unsound reading of the rule, which clearly sets forth alternatives for service of court papers: (1) "If a party is represented by an attorney of record, service shall be made upon the attorney"; (2) "[o]therwise service shall be made upon the party." ILL. SUP. CT. R. 11(a). The implication is clear. Where there is no attorney of record, service must be directed to the party himself, not to his (non-record) attorney as agent.

---

[1] Holcomb also cites *Ebert v. Dr. Scholl's Foot Comfort Shops, Inc.*, 484 N.E.2d 1178, 1182 (Ill. App. Ct. 1985), but that case does not advance her position here. The defendant there argued that the plaintiff's posttrial motion was a nullity because the lawyer who filed it was not the attorney of record. The Illinois Appellate Court acknowledged that the attorney improperly filed the motion before becoming the attorney of record but nonetheless declined to invalidate it. The court said nothing about what makes a lawyer an attorney of record within the meaning of Rule 11.

Other rules of court confirm this understanding. Another subpart of Rule 11 provides that service can be made by "[d]elivering the document to *the attorney or party*." *Id.* R. 11(c)(1) (emphasis added). The highlighted phrase would be redundant if "party" meant "attorney or party." The same is true for other Illinois Supreme Court Rules. *See, e.g., id.* R. 201(b)(2) (providing that communications between the party's attorney and the "party or his agent" are privileged); *id.* R. 231(a) (requiring an affidavit in support of an application for continuance authored "by the party so applying or his authorized agent"); *id.* R. 231(g) (declaring that an opposing party must pay costs "on demand of the party, his agent, or his attorney"); *id.* R. 765(a) (requiring service to be made by "a party or agent of the party").

In sum, because Finko had not filed a written appearance in the collection action, he was not Holcomb's attorney of record for purposes of Rule 11's service requirements. So Rule 11 expressly permitted—indeed required—Freedman to send the default motion directly to Holcomb. The law firm's compliance with that rule did not violate § 1692c(a)(2). Accordingly, we REVERSE and REMAND for entry of judgment in Freedman's favor.