AMERCO FIELD OFFICE, Plaintiff-Appellant, *v.* MICHAEL ONOFORIO, d/b/a A-1 CITGO, Defendant-Appellee.

(No. 73-136; ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮)

Second District—October 8, 1974.

Redman, Shearer, O'Brien & Blood, Ltd., of St. Charles, for appellant.

Kuhn & Geraghty, of Glen Ellyn, for appellee.

Mr. JUSTICE HEIPLE delivered the opinion of the court:

This case arose out of a small claims complaint filed September 27, 1972, with the Circuit Court of Kane County. Plaintiff in this case is Amerco Field Office, a corporation, and, as such, a supplier of merchandise to the defendant, Michael Onoforio, d/b/a A-1 Citgo, a gasoline service station. The defendant was duly served with a summons on October 5, 1972 which, in printed language, advised the defendant that if he failed to appear in court on November 2, 1972, to answer the complaint, that a judgment by default might be taken against him for the relief asked in the complaint. The defendant, in fact, did fail to appear before the court and a default judgment was entered against him on November 2, 1972, in the amount of $2,272.50 plus costs. An affidavit for garnishment was filed on December 21, 1972, naming the Addison State Bank as garnishee. The garnishment summons was served on the bank on January 2, 1973. The trial judge entered a court order on January 25, 1973, directing the garnishee bank to pay $2,114.80 to the plaintiff. This order was complied with and the plaintiff received $2,114.80 from the bank account of the defendant.

On February 1, 1973, the defendant, by his attorneys, caused to be filed with and presented to the trial judge a petition to vacate judgment. This petition was signed and sworn to by Attorney Carl W. Kuhn but was not signed or sworn to by the defendant. Although the petition did not specifically so state, it was regarded by the trial judge and by us as a proceeding under section 72 of the Civil Practice Act (Ill. Rev. Stat. 1971, ch. 110, sec. 72). On the presentment of the petition to vacate judgment and over the objection of the plaintiff, the court ordered the judgment vacated and the funds obtained through garnishment turned over to the attorneys for the defendant. The defendant subsequently sought to obtain compliance with this February 1 order through contempt proceedings and a rule to show cause was entered against the plaintiff on February 15, 1973, with a return date of March 1, 1973.

On February 26, 1973, plaintiff filed a notice of appeal. On March 1, 1973, defendant's attorney appeared in court and filed a motion to dismiss the complaint of the plaintiff and to dismiss the plaintiff's appeal on the grounds that the plaintiff, allegedly a foreign corporation, had never qualified to transact business in Illinois pursuant to statute and asserting that plaintiff was, accordingly, not entitled to maintain a civil action in any court in this state until plaintiff had obtained a Certificate of Authority (Ill. Rev. Stat. 1971, ch. 32, par. 157.125).

The matter was continued by the trial judge to March 12, 1973, and the plaintiff's supersedeas bond was set at $2,500. The plaintiff's supersedeas bond was approved by the court on March 2, 1973.

Other than a formal substitution of attorneys and certificate of the record, the report of proceedings does not indicate any further proceedings by the trial court. Specifically, the record does not reveal that the hearing scheduled for March 12, 1973, was ever held or that the trial court ever decided the question raised by the defendant in its petition filed March 1, 1973, challenging the legal standing of the plaintiff to maintain this action.

The plaintiff-appellant asks this court to review the trial court's order of February 1, 1973, which vacated the default judgment on November 2, 1972. Appellant argues that the default judgment became final 30 days after its entry and argues further that the trial court lacked jurisdiction to set aside and vacate that judgment since the defendant's petition to vacate the judgment failed to meet the requirements of section 72 of the Civil Practice Act. An examination of the petition, the applicable statute and the authorities cited causes us to conclude that the appellant is correct in this contention. The statute provides for relief from judgments after 30 days from the entry thereof upon petition "support by affidavit or other appropriate showing as to matters not of record." Such a petition must be filed not later than 2 years after the entry of the judgment. The statute further provides for the abolishment of the various common law writs and further provides that all relief heretofore obtainable and the grounds for relief heretofore available shall be available under this statute (Ill. Rev. Stat. 1971, ch. 110, sec. 72).

It should be noted that no separate affidavit was filed in this proceeding and no affidavit of the defendant himself was filed. The petition to vacate is sworn to by the defendant's attorney. The defendant contends that this is a sufficient compliance with the statute. The statute requires that the petition "*must* be supported by affidavit or other appropriate showing as to matters not of record." This means it must be supported by a sufficient and competent affidavit. An affidavit which was either insufficient or incompetent would not satisfy the statutory mandate. To state otherwise would be to render this statutory requirement a nullity. The verified petition to vacate judgment, which we are willing to treat as an affidavit, contains factual allegations admitting that the defendant had done business with the plaintiff and that an account had arisen. The petition states affirmatively that, at the request of the plaintiff, the defendant executed and delivered a judgment note to plaintiff and plaintiff agreed to stop all legal proceedings in exchange for the judgment note.

The petition further alleges that plaintiff then proceeded to sue defendant but that defendant took no action due to the statements of plaintiff. The petition further alleges that the "addendum" (ad damnum?) in the suit actually filed is in error as is reflected by the record of account of plaintiff's own books.

■■ We believe the affidavit in this case is clearly insufficient, inadequate and incompetent in several respects. It does not appear from the affidavit that the affiant has any personal knowledge whatever of the factual matters contained in the affidavit since the facts related to transactions that took place between the defendant personally and an agent or representative of the plaintiff. The only knowledge that the defendant's attorney could have of these facts would be based on conversations that the defendant's attorney had with the defendant. It does not appear affirmatively that the attorney-affiant was personally present or a witness to any of the transactions. This makes the affidavit of the attorney pure hearsay. One of the reasons for requiring an affidavit is to spare the court the burden of dealing with frivolous or false petitions. The filing of a false affidavit could give rise to a prosecution for perjury or a court imposed sanction for contempt of court. Neither remedy is available when an affidavit is based on pure hearsay since the affiant, in such a situation, could honestly state that he was told the factual matters and believed them to be true. Even if the matters in the affidavit were completely false, neither the court nor the aggrieved party litigant would have any recourse in such a situation since the party making the false statements would not have made them under oath or in any judicial proceeding and the party giving the affidavit would not be doing so corruptly but would be relying on what he may honestly have believed to be true statements. This circumstance standing alone is sufficient to render the petition to vacate the judgment inadequate and insufficient in law.

■■ Even if the affidavit were the affidavit of the defendant himself, however, it would be insufficient in law since the affidavit fails to allege or set forth any showing of due diligence or of a meritorious defense to the plaintiff's cause of action, both of which are required under a section 72 proceeding. (*Johnson-Olson Floor Coverings, Inc. v. Branthaver*, 94 Ill.App.2d 394, 236 N.E.2d 903.) It is noteworthy that the affidavit indicates that the suit was commenced· *after* the alleged promise of the plaintiff and *after* the delivery of the promissory note. Notwithstanding any understanding that the defendant may or may not have had regarding the execution and delivery of a promissory note and the dropping of legal proceedings, it would seem that he proceeded at his own peril and risk in relying on this alleged understanding when he was served with a

summons subsequent thereto. This circumstance negates any showing of due diligence and is quite a different situation than it would be if the promise and note were solicited and obtained after the filing of a suit and the service of a summons.

The petition contains an unsupported allegation that the "addendum" (ad damnum?) in the suit is in error as is reflected by the record of account of plaintiff's own books. This is a mere allegation. Nothing in the affidavit or the record discloses any factual error to this court. Thus, nothing whatever appears of record to indicate a meritorious defense. Unless a trial court has reason to believe that a meritorious defense exists, it would be improper and incorrect to vacate a default judgment. This rule of law is a rule of reason designed to spare the court and litigants useless proceedings. For the above reasons, the order of the trial court of February 1, 1973, vacating its judgment order of November 2, 1972, should be and the same is reversed.

■■ Defendant-appellee contends that plaintiff-appellant, allegedly a foreign corporation, could not maintain this proceeding for failure to obtain a corporate certificate of authority. Though raised in the trial court, this matter was never ruled upon. The determination of this question is a factual one and involves the taking of evidence. The briefs indicate that this is a disputed issue. A court of review is not in a position to act as a trial court in this situation; particularly so where the matter was raised but not ruled upon by the trial court. On this point, nothing has been presented for review.

It should be noted, however, that this issue was first raised by defendant on March 1, 1973, some 5 months after service of summons, 4 months after judgment and a full month after obtaining a vacation of the default judgment. This ground was not set forth in the section 72 petition.

■■■ The failure of a foreign corporation to obtain a certificate of authority is not a prerequisite to the court's acquiring jurisdiction over the litigation. The failure of the plaintiff to obtain a certificate, if required, is a defense which will be considered waived unless raised by the defendant at the earliest opportunity. In the case at hand, it cannot be said that defendant raised this defense at the earliest opportunity. Accordingly, we believe this defense has been waived and we do not remand. *Lustre Products Corp. v. DeMichel,* 13 Ill.App.3d 571, 300 N.E.2d 847.

For the reasons given, the order of the trial court entered February 1, 1973, which vacated the default judgment of November 2, 1972, is reversed. The judgment of November 2, 1972, is ordered reinstated. Orders

of the trial court predicated upon its order of February 1, 1973, are likewise vacated.

Order vacating judgment reversed; judgment reinstated.

G. MORAN and CARTER, JJ., concur.