WAGNER FURNITURE INTERIORS, INCORPORATED, a Missouri corporation, Plaintiff-Appellant,

v.

KEMNER'S GEORGETOWN MANOR, INCORPORATED, an Iowa corporation, and Norman Kemner, Defendants-Appellees,

and

KEMNER'S GEORGETOWN MANOR, INCORPORATED, a corporation, Third-Party Plaintiff-Appellee,

v.

Michael HEARST, Third-Party Defendant-Appellant.

No. 90-1634.

United States Court of Appeals, Seventh Circuit.

Submitted Jan. 11, 1991.

Decided April 8, 1991.

Rehearing Denied May 7, 1991.

.. 

Gary L. Cline, Londrigan, Potter & Randle, Springfield, Ill., Gary A. Growe, Donald L. Schlapprizzi, Schlapprizzi & Associates, St. Louis, Mo., Susan M. Hickman, Hinshaw, Culbertson, Moelmann, Hoban & Fuller, Springfield, Ill., for plaintiff-appellant.

Robert G. Heckenkamp, Heckenkamp, Simhauser & Labarre, Springfield, Ill., for defendants-appellees.

Gary L. Cline, Londrigan, Potter & Randle, Susan M. Hickman, Hinshaw, Culbertson, Moelmann, Hoban & Fuller, Springfield, Ill., Gary A. Growe, Donald L. Schlapprizzi, Schlapprizzi & Associates, St. Louis, Mo., for third-party defendant-appellant.

Before CUMMINGS, POSNER and FLAUM, Circuit Judges.

CUMMINGS, Circuit Judge.

In March 1986, plaintiff Wagner Furniture Interiors, Incorporated ("Wagner") filed a complaint for damages against Kemner's Georgetown Manor, Incorporated ("Georgetown") and its president Norman Kemner ("Kemner") seeking $200,000 actual damages and $250,000 punitive damages. Jurisdiction was premised on diversity of citizenship under 28 U.S.C. § 1332. Wagner asserted that it was a Missouri corporation, Georgetown an Iowa corporation, and Kemner a resident citizen of Illinois. According to Wagner, it purchased defendants' retail furniture store in Quincy, Illinois, for $200,000 because defendants represented that no going out of business sale had previously been conducted by Georgetown and that the wholesale value of its

inventory was $165,000. Defendants filed their amended answer and counterclaim and third-party complaint in June 1986, and their second amended answer, second amended counterclaim and third-party complaint followed in June 1987. Subsequent to the filing of the suit, there was extensive pre-trial discovery and pre-trial preparation during the next two years. Plaintiff filed a somewhat more elaborate first amended complaint in February 1988. After trial was set for May 11, 1988, defendants filed a motion to dismiss the complaint for want of jurisdiction in April 1988. This motion asserted that the district court had no jurisdiction because plaintiff had not been licensed to do business in Illinois as required by the Illinois Business Corporation Act, ch. 32, ¶ 13.70, which provides in pertinent part:

> Transacting business without certificate of authority. No foreign corporation, transacting business in this state without a certificate of authority is permitted to maintain a civil action *in any court of this State,* until such corporation obtains a certificate of authority. * * * [1]

(Emphasis supplied).

In his first opinion Judge Mills pointed out that this Illinois statute affects a plaintiff's capacity to sue rather than the court's jurisdiction, citing *Gomez v. Illinois State Bd. of Educ.,* 811 F.2d 1030, 1043 n. 5 (7th Cir.1987). Relying on this statute, the court granted Georgetown's motion to dismiss. An amended judgment to this effect was entered in February 1990 since this Court had dismissed the first appeal on the ground that the June 1988 order of the district court granting the motion to dismiss was not final.[2] We reverse.

*The Requirements of Rule 9(a)*

▮▮▮▮ Defendants did not attempt to file their motion to dismiss the complaint for want of jurisdiction until the final pre-trial conference held on April 25, 1988, at which time leave was granted to file the motion.

This was just two weeks before the scheduled trial date of May 11, 1988. As the district court correctly held, jurisdiction was present under the diversity provision of the judicial code (28 U.S.C. § 1332). Rather, the motion was actually based on plaintiff's alleged lack of capacity to sue since it had not obtained a certificate of authority to maintain a civil action under the Illinois Business Corporation Act, ch. 32, ¶ 13.70. However, Rule 9(a) of the Federal Rules of Civil Procedure governing capacity of a party to sue or be sued provides in pertinent part:

> When a party desires to raise an issue as to the legal existence of any party to sue or be sued or the authority of a party to sue or be sued in a representative capacity, the party desiring to raise the issue shall do so *by specific negative averment,* which shall include such supporting particulars as are peculiarly within the pleader's knowledge.

Fed.R.Civ.P. 9(a) (emphasis supplied). The phrase "by specific negative averment" means that a party must raise lack of capacity to sue in an appropriate pleading or amendment to avoid waiver. *MTO Maritime Transp. Overseas v. McLendon Forwarding Co.,* 837 F.2d 215, 218 (5th Cir. 1988) (recognizing that "[i]t is settled law that failure specifically to plead capacity waives the right to object") (footnote omitted); *Garbincius v. Boston Edison Co.,* 621 F.2d 1171, 1174 (1st Cir.1980); *Summers v. Interstate Tractor and Equipment Co.,* 466 F.2d 42, 49 (9th Cir.1972); *Marston v. American Employers Ins. Co.,* 439 F.2d 1035, 1041 (1st Cir.1971) (Coffin, J.) (noting that even where the defendant denies the plaintiff's capacity in accordance with Rule 9(a), defendant failed to satisfy the additional requirement that the specific negative averment must be explained by the inclusion of supporting particulars). Moreover, Rule 9(a) also requires "[e]arly waiver [by court ruling] * * * to give meaning to the requirement * * * that ca-

---

**1.** In view of our holding that defendants waived Wagner's capacity to sue, we need not decide whether "in any court of this State" applies to federal district courts sitting in Illinois.

**2.** The June 1988 judgment had not referred to defendant Kemner, did not resolve the claims against him nor his counterclaim against Wagner, and did not dispose of the third-party action as to either claimant.

pacity must be put in issue 'by a specific negative averment,' " and capacity "objections [are] waived after pleadings." 5 Wright & Miller, Federal Practice and Procedure: Civil 2d § 1295 (1989 Supp.) (collecting supporting cases).[3] Moore's Federal Practice agrees. As stated there, "failure to raise the issue of capacity by a direct negative averment results in a waiver of the defense." 2A Moore's Federal Practice ¶ 9.02.

Illinois law takes the same view towards a defendant's failure to object specifically to defects in capacity. In *Amerco Field Office v. Onoforio*, 22 Ill.App.3d 989, 317 N.E.2d 596 (2d Dist.1974), a state appellate court found that a foreign corporation need not obtain a certificate of authority in order for the state courts to acquire jurisdiction. The defendant may raise the plaintiff's failure to obtain such a certificate, if legally required, by raising it as a defense "at the earliest opportunity." *Id.* 22 Ill. App.3d at 993, 317 N.E.2d 596. Otherwise, the defense is waived. *Id.* Since defendants' challenge to plaintiff's authority to sue was untimely and did not comply with Rule 9(a) of the Federal Rules of Civil Procedure nor with the applicable state law, their challenge to plaintiff's capacity to sue was waived. Therefore, the judgment to the contrary must be reversed.

■ On May 20, 1988, Georgetown and Kemner as defendants, *counter-plaintiffs* and third-party plaintiffs moved for and consented to the dismissal of their counterclaim and third-party complaint in the event that defendants' motion to dismiss was granted. Because the district court granted defendants' motion to dismiss plaintiff's complaint, it also dismissed Georgetown and Kemner's counterclaims against Wagner and dismissed the third-party complaint of Georgetown against Michael Hearst, the *purported* president of Wagner. However, Georgetown and Kemner's consent to such dismissal was conditional on the grant of defendants' motion to dismiss the complaint for lack of jurisdiction. That condi-

tion is no longer satisfied, so that the dismissal of those pleadings must also be reversed.

Reversed and remanded for trial.

---

**3.** Even if it were permissible to raise the plaintiff's lack of capacity by a motion to dismiss rather than by a pleading, the defendants' mo-

tion came much too late to avoid waiver. 5 Wright & Miller, Federal Practice and Procedure: Civil 2d § 1295.