516

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MARIE
PERKINS, Defendant-Appellant.

First District (4th Division)   No. 1—92—1181

Opinion filed March 31, 1994.

Donna Hickstein-Foley, of Chicago, for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, James
Veldman, and John L. Fioti, Assistant State's Attorneys, of counsel), for the
People.

JUSTICE THEIS delivered the opinion of the court:

After a jury trial, the defendant, Marie Perkins, was found guilty
of reckless conduct and was sentenced to one year's conditional dis-
charge plus costs. The judgment of the circuit court was affirmed by
this court in a Rule 23 order (134 Ill. 2d R. 23). On January 21, 1992,
Perkins filed a petition for relief from judgment pursuant to section
2—1401 of the Illinois Code of Civil Procedure. (Ill. Rev. Stat. 1991,
ch. 110, par. 2—1401.) On March 3, 1992, the court dismissed this pe-
tition. Perkins appeals the dismissal of her petition without an evi-
dentiary hearing. The sole issue raised in this appeal is whether the
dismissal of the petition was erroneous. We now affirm the decision
of the trial court.

The defendant's trial commenced on December 11, 1989. Our
previous order relates the relevant testimony elicited at trial.
However, it is now necessary to review briefly the testimony as it was
set forth in the earlier order. The complainant, Cheryl Marchok,
testified that on February 10, 1989, Marchok arrived at her place of
work at the North Riverside office of the Cook County Forest Preserve
District. She pulled her car into the parking lot and backed into a

parking space. She further testified that Perkins drove into the parking space next to her own. Marchok turned off her ignition and got out of her car. She testified that Perkins remained seated in her own car. According to Marchok, Perkins pointed a gun at Marchok and said, "[W]hy don't you do the job right next time and use my gun[?]" (On cross-examination, Marchok explained that a rumor had been circulating that she had previously attempted suicide and Perkins was referring to this rumor when she made her statement.) Marchok also testified that, before Perkins pulled away, Perkins told Marchok that the post office knew where she lived.

The first witness testifying for the defense was Donna Miller, a Cook County Forest Preserve employee. Miller testified that she was at work in the garage when she observed Marchok and Perkins talking in the parking lot. Miller stated that she could see the back end of the defendant's car and the front end of Marchok's car. She also stated that she did not see a gun at any time. She observed Marchok walk away from the defendant's car and speak with Officer Webster, who was seated in a squad car. Officer Webster, Officer Palacios and James Kaszuba also testified for the defense.

Perkins then testified that on February 10, 1989, she went to Marchok's place of employment to inquire about Marchok's attempted suicide. Perkins pulled up next to Marchok's car in the parking lot and asked how Marchok was doing. She further testified that she asked Marchok if it was true that she had again tried to commit suicide with a gun. She stated that she also told Marchok that she continued to get Marchok's mail at the house and that she was going to let the post office know where Marchok now lived.

In essence, then, the jury was required to weigh the testimony of Cheryl Marchok and her version of the events which occurred on February 10, 1989, against that of Marie Perkins. The jury found Perkins guilty of reckless conduct and not guilty of aggravated assault. We affirmed this conviction in a Rule 23 order filed on May 7, 1992.

On January 21, 1992, Perkins filed a petition for relief from judgment pursuant to section 2—1401 of the Illinois Code of Civil Procedure. (Ill. Rev. Stat. 1991, ch. 110, par. 2—1401.) Attached to the petition was the affidavit of Donna Miller, a Cook County Forest Preserve employee who had testified for the defense at trial. Donna Miller's affidavit stated:

"That complainant *** Cheryl M. Marchok, visited affiant on 30 Nov 91 [sic] at her apartment in Berwyn between the hours of 11:30 p.m. & 4:30 a.m. During the course of her visit, Cheryl told Donna that defendant, Marie Perkins, never had a gun, which

complainant accused defendant of on 10 Feb 89 [*sic*] in the Forest Preserve parking lot."

The trial court denied Perkins' petition for relief from judgment on March 3, 1992, stating that, in order to obtain such relief, Perkins would have to bring Marchok before the court and get her to recant the testimony which she had given at the trial. The trial judge indicated that he would not grant relief based upon a hearsay affidavit.

Perkins appeals the dismissal of her section 2—1401 petition for relief from judgment. Before we begin our analysis, we note that a reviewing court will only interfere with the trial court's decision on a petition for relief from judgment where it is shown that the trial court abused its discretion. *Redmond v. Devine* (1987), 152 Ill. App. 3d 68, 76, 504 N.E.2d 138, 143.

A section 2—1401 petition for relief from judgment must establish that there are adequate grounds for such relief and that the petitioner was not negligent in failing to raise the grounds for relief at trial. (*People v. Sanchez* (1986), 115 Ill. 2d 238, 284, 503 N.E.2d 277, 295.) Such a petition must be supported by an affidavit or by some other appropriate showing. (Ill. Rev. Stat. 1991, ch. 110, par. 2—1401(b).) This affidavit must be a sufficient and competent affidavit (*Amerco Field Office v. Onoforio* (1974), 22 Ill. App. 3d 989, 991, 317 N.E.2d 596, 598), which is made by a person having firsthand knowledge of the factual allegations. See *Mitchell v. Seidler* (1979), 68 Ill. App. 3d 478, 482, 386 N.E.2d 284, 286 ("For a section 72 petition to be legally sufficient, a person having first hand knowledge of its factual allegations, which are extraneous to the record, must either verify the petition or submit an affidavit in support of it").

Therefore, an affidavit based on the hearsay of an attorney is generally not sufficient to support a section 2—1401 motion. (*Sanchez*, 115 Ill. 2d at 284, 503 N.E.2d at 295; *Windmon v. Banks* (1975), 31 Ill. App. 3d 870, 876, 335 N.E.2d 116, 121.) While considering an attorney's affidavit which was based upon hearsay, Illinois courts have provided the justification for this rule:

> "One of the reasons for requiring an affidavit is to spare the court the burden of dealing with frivolous or false petitions. The filing of a false affidavit could give rise to a prosecution for perjury or a court imposed sanction for contempt of court. Neither remedy is available when an affidavit is based on pure hearsay since the affiant, in such a situation, could honestly state that he was told the factual matters and believed them to be true. Even if the matters in the affidavit were completely false, neither the court nor the aggrieved party litigant would have any recourse in such

a situation since the party making the false statements would not have made them under oath or in any judicial proceeding and the party giving the affidavit would not be doing so corruptly but would be relying on what he may honestly have believed to be true statements." *Amerco Field Office v. Onoforio*, 22 Ill. App. 3d at 992, 317 N.E.2d at 599.

This reasoning is equally true in this context, where we consider the hearsay affidavit, not of an attorney, but of a third party who testified at trial.

In the petition for relief from judgment, Perkins states that she has learned that Cheryl Marchok recanted her testimony at the trial after Perkins was convicted and sentenced, and she supports this contention by attaching Donna Miller's affidavit to her petition. In her brief, Perkins likewise suggests that Donna Miller's affidavit demonstrates the falsity of Marchok's testimony at trial. Because this affidavit is offered solely to establish that Marchok lied when she stated that Perkins pointed a gun at her, it is clearly an affidavit based on hearsay. Miller has never had firsthand knowledge about whether Perkins pointed a gun at Marchok. However, an affiant must have firsthand knowledge of the factual allegations contained in the affidavit. (*Seidler*, 68 Ill. App. 3d at 482, 386 N.E.2d at 286.) Therefore, we conclude that the trial court did not abuse its discretion when it determined that this affidavit is insufficient to support a petition for relief from judgment pursuant to section 2—1401.

Perkins acknowledges the general rule against hearsay affidavits. However, Perkins states that Marchok would be "hostile" to the idea of coming into court and recanting her earlier testimony. Therefore, by way of analogy to Supreme Court Rule 191(b), she argues that this court should apply the exception to this rule which was set forth in *People v. Sanchez* (1986), 115 Ill. 2d 238, 503 N.E.2d 277.

In *Sanchez*, the defendant was convicted of murder, aggravated kidnapping, rape, deviate sexual assault and attempted murder. He later introduced a petition for relief from judgment pursuant to section 2—1401 which was supported by a hearsay affidavit. The court concluded that it would not apply the rule against hearsay affidavits inflexibly, especially where the court was considering a capital case, "where procedural fairness and factual accuracy are of paramount importance." (*Sanchez*, 115 Ill. 2d at 284, 503 N.E.2d at 296.) The *Sanchez* court supported this conclusion by looking at rules governing affidavits in other contexts. It therefore looked to Supreme Court Rule 191 (134 Ill. 2d R. 191), which governs affidavits in proceedings brought under sections 2—1005, 2—619 and 2—301(b) of the Illinois Code of Civil Procedure. Ill. Rev. Stat. 1989, ch. 110, pars. 2—1005, 2—619, 2—301(b).

As *Sanchez* acknowledges, Supreme Court Rule 191(a) states that affidavits should be made on the personal knowledge of the witness and the affidavit should show that, if called as a witness, the affiant could testify to the contents of the affidavit. (134 Ill. 2d R. 191(a).) An exception to this rule exists when it can be shown that "material facts which ought to appear in the affidavit are known only to persons whose affidavits affiant is unable to procure by reason of hostility." (134 Ill. 2d R. 191(b).) When such a situation arises, the rule directs that the court may make any order that is just. *Sanchez*, 115 Ill. 2d at 285, 503 N.E.2d at 296.

We find *Sanchez* and the reasoning which it employs to be distinguishable. We note that the Illinois Supreme Court stated that the rule against accepting hearsay affidavits is not to be applied inflexibly, especially when the court is considering a capital case. This is not a capital case. It is a case concerned with the disposition of a misdemeanor charge. Because different concerns are at issue in these different types of cases, we do not feel as compelled to part with the well-established rule that hearsay affidavits are insufficient to support a petition for relief from judgment. See *People v. Sanchez* (1986), 115 Ill. 2d 238, 503 N.E.2d 277; *Windmon v. Banks* (1975), 31 Ill. App. 3d 870, 335 N.E.2d 116; *Amerco Field Office v. Onoforio* (1974), 22 Ill. App. 3d 989, 317 N.E.2d 596.

Moreover, although both parties urge us to heed the requirements of Supreme Court Rule 191, this rule does not address the issue of the sufficiency of affidavits supporting section 2—1401 petitions. The supreme court in *Sanchez* did not consider Rule 191 as a controlling authority, as Perkins seems to suggest. Instead, the *Sanchez* court relied upon the reasoning behind the rule and used the rule as support for its conclusion. This conclusion was reached before the court considered Supreme Court Rule 191. (*Sanchez*, 115 Ill. 2d at 284-85, 503 N.E.2d at 296.) We are not bound, therefore, by the language of Rule 191.

While we can appreciate Perkins' attempt to obtain relief from her conviction, the sufficiency of this affidavit is highly questionable and, as the trial court concluded, we cannot accept this as support for a section 2—1401 petition. For these reasons, we affirm the decision of the trial court.

Affirmed.

JOHNSON and HOFFMAN, JJ., concur.